UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBRA MONSERRATE, KELLY BIRCHELL,
SHAWN CRAFT, VIVIAN EDWARDS,
BILL FABER, REID MAYBECK,
SUSAN O'HEARN, FARRELL PRUDENT,
and PAMELA WARD
on behalf of themselves and others
similarly situated

        Plaintiffs,        CASE NO.: 6:14-cv-149-orl-18GJK

v.        **FLSA COLLECTIVE ACTION**

HARTFORD FIRE INSURANCE COMPANY,
a Foreign for Profit Corporation.

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, DEBRA MONSERRATE, KELLY BIRCHELL, SHAWN CRAFT, VIVIAN EDWARDS, BILL FABER, REID MAYBECK, SUSAN O'HEARN, FARRELL PRUDENT and PAMELA WARD ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned counsel, and sue Defendant, HARTFORD FIRE INSURANCE COMPANY, a Foreign for Profit Corporation ("Defendant" or "Hartford"), and in support state as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiffs, on behalf of themselves and other similarly situated employees, against their former employer for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1337.

1

2. Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiffs' claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

### Parties and Factual Allegations

3. This is an action for violation of Federal Wage and Hour Laws by and on behalf of former and current employees of Defendant, referred to below collectively as "Analysts." These Analysts include named Plaintiffs Debra Monserrate, Kelly Birchell, Shawn Craft, Vivian Edwards, Bill Faber, Reid Maybeck, Susan O'Hearn, Farrell Prudent, and Pamela Ward, as well as other similarly situated employees.

4. In this pleading, the term "Analyst" means all persons who have been, are, or in the future will be employed by the Defendant in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

    a. Short Term Disability Analyst I

    b. Short Term Disability Analyst II

    c. Short Term Disability Analyst III

    d. Long Term Disability Analyst I

    e. Long Term Disability Analyst II

    f. Long Term Disability Analyst III

    g. Claims Examiner I

    h. Claims Examiner II

      i. Claims Examiner III

and who were employed during the statute of limitations period for the particular claim for relief in which the term "Analyst" is used, including the time during which the statute of limitations was or may have been tolled or suspended. The above job positions are referred to herein as "Covered Positions."

5. Plaintiff, DEBRA MONSSERRATE was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

6. Plaintiff, KELLY BIRCHELL was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

7. Plaintiff, SHAWN CRAFT was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

8. Plaintiff, VIVIAN EDWARDS was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

9. Plaintiff, BILL FABER was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

10. Plaintiff, REID MAYBECK was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

11. Plaintiff, SUSAN O'HEARN was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

12. Plaintiff, FARRELL PRUDENT was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

13. Plaintiff, PAMELA WARD, was employed by Defendant, during the relevant time period and held the title and/or position of covered employees as defined above, at its business located, among other locations, in Orange County, Florida.

14. Defendant, HARTFORD FIRE INSURANCE COMPANY, is a Foreign for Profit Corporation, operating a business located, among other locations, in Orange County, Florida. Defendant is an employer as defined by 29 U.S.C. § 203(d). Defendant is subject to the provisions of 29 U.S.C. § 216, where Plaintiffs were employed.

15. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s) (1).

16. On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs worked in excess of forty (40) hours per week but were not compensated for all hours worked over forty (40) hours at a rate not less than one and one-half times their regular rate of pay.

17. Plaintiffs are informed and believe and thereon allege that, at all relevant times Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and/or other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiffs and Covered Employees. Plaintiffs are informed and believe and thereon allege that, at all relevant times, Defendant acted pursuant to and within the scope of the relationship alleged

above, and knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of the Defendant and its agents.

18. Upon information and belief, Defendant employs thousands of Analysts now and during all relevant time periods throughout the United States.

19. Specifically, upon information and belief, Defendant's managers, with the knowledge and consent of corporate management, systemically violated the law throughout the United States, in the following respects:

    a. Failing to pay employees overtime compensation for hours worked in excess of forty hours per week; and

    b. Failing to maintain accurate records of employees' time.

20. Upon information and belief, other employees who worked for Defendant throughout the United States and who are FLSA Collective Plaintiffs and/or members of the classes (as defined below) were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of the Defendant.

21. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules (1) willfully failing and refusing to pay them at the legally required time and half rates for work in excess of forty (40) hours per workweek, (2) willfully and inaccurately classifying them as exempt from overtime pay even though Defendant was aware that the FLSA Collective Plaintiffs were non-exempt and entitled to overtime pay, and (3) willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22.     Count I of this Complaint is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to the Defendant.

23.     Plaintiffs have sustained substantial losses from Defendant's failure to pay them overtime compensation.

24.     Plaintiffs have retained the LYTLE & BARSZCZ to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW
### (Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

25.     Plaintiffs repeat and incorporate by reference Paragraphs 1 through 24 above, as though fully set forth herein.

26.     Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, the Defendant has employed, and/or continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA. At all relevant times, the Defendant has had gross operating revenues in excess of $500,000.

27.     Throughout the statute of limitations period covered by these claims, Plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

28. At all relevant times, Defendant has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

29. At all relevant times, Defendant willfully, regularly and repeatedly failed, and continues to fail to pay Plaintiff and FLSA Collective Plaintiffs at the required overtime rates, time and half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

30. Plaintiff and the FLSA Collective Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

31. As a result of Defendant's willful violations of the FLSA, Plaintiffs are entitled to liquidated damages.

32. Plaintiffs have retained LYTLE & BARSZCZ to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other FLSA Collective Plaintiffs, demand judgment against Defendant for the following:

    A. Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

    B. Designation of Plaintiffs as representatives of the FLSA Collective Action;

    C. Unpaid overtime found to be due and owing;

D. An additional amount equal to unpaid overtime found to be due and owing in liquidated damages;

E. Prejudgment interest in the event liquidated damages are not awarded;

F. A reasonable attorney's fee and costs; and,

G. Such other relief as the Court finds just and equitable.

## CLASS ACTION ALLEGATIONS

32. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 24 above, as though fully set forth herein.

33. Plaintiffs bring this action on behalf of themselves and all other employees, former employees or other similarly situated individuals.

34. The number of members of the proposed class is unknown but could be greater than one hundred (100) and, therefore, is too large to make joinder practicable.

35. The action presents issues of law and fact that are common to and affect the rights of all members of the proposed class. The claims of the named Plaintiffs are typical of the claims of the proposed class as a whole.

36. The named Plaintiffs will adequately represent the interests of the members of the proposed class. The named Plaintiffs desire to represent the class and have retained counsel experienced in litigating labor matters.

37. This action will lie under Fla. R. Civ.P. 1. 220(a), (b)(2) and (b)(3).

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 29th day of January, 2014.

*/s/ Mary E. Lytle*

**Mary E. Lytle, Esquire**
Florida Bar No. 0007950
**David V. Barszcz, Esquire**
Florida Bar No. 0750581
**LYTLE & BARSZCZ**
543 North Wymore Road
Suite 103
Maitland, FL 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@orlandoemploymentlawyer.net
dbarszcz@orlandoemploymentlawyer.net
**Counsel for Plaintiffs**