**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DEBRA MONSERRATE; KELLY BIRCHELL; SHAWN CRAFT; VIVIAN EDWARDS; BILL FABER; REID MAYBECK; SUSAN O'HEARN; FARRELL PRUDENT; PAMELA WARD; LAURA M. SMITH; and AMY FERNANDEZ,

    Plaintiffs,

v.    Case No. 6:14-cv-149-Orl-37GJK

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant Hartford Fire Insurance Company's Motion to Dismiss and Compel Arbitration of Plaintiffs Farrell Prudent and Susan O'Hearn's Claims and Incorporated Memorandum of Law (Doc. 12), filed March 28, 2014;

2. Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss and Compel Arbitration (Doc. 35), filed April 11, 2014;

3. Defendant Hartford Fire Insurance Company's Motion to Dismiss and Compel Arbitration of Plaintiff Carmen Flores' Claims and Incorporated Memorandum of Law (Doc. 68), filed June 25, 2014; and

4. Plaintiff Carmen Flores's Response in Opposition to Defendant's Motion to Dismiss and Compel Arbitration (Doc. 69), filed July 9, 2014.

Upon consideration, the Court finds that Defendant's motions are due to be granted.

**BACKGROUND**

Plaintiffs Farrell Prudent, Susan O'Hearn, and Carmen Flores formerly worked as claims analysts for Defendant Hartford Fire Insurance Company.[1] (*See* Doc. 44; Doc. 51, ¶¶ 11–12.) Upon termination of their employment, each entered into a separation agreement whereby they agreed to individually arbitrate any employment-related claims in exchange for severance payments. (*See* Docs. 12-1, 12-2, 68-1.)

Despite their agreements, Prudent and O'Hearn brought this unpaid-overtime collective action against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and Flores opted in. (Doc. 51, ¶¶ 19, 15–32; Doc. 44.) Defendant moves to compel individual arbitration. (Docs. 12, 68.) Plaintiffs oppose. (Docs. 35, 69.) The matter is now ripe for the Court's adjudication.

**STANDARDS**

Under the Federal Arbitration Act ("FAA") "courts must rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (citation and internal quotation marks omitted). Upon the motion of any party to a valid arbitration agreement, courts must stay litigation of all claims that fall within the agreement's scope and compel arbitration according to the agreement's terms. *See* 9 U.S.C. §§ 3–4. Arbitration agreements are presumptively valid and enforceable. *See id.* § 2.

Notwithstanding the FAA's presumption in favor of arbitration, courts may invalidate arbitration agreements that "prevent the 'effective vindication' of a federal

---

[1] For purposes of this Order, the term "Plaintiffs" refers only to Prudent, O'Hearn, and Flores and not to any other named or opt-in Plaintiff.

2

statutory right." *Italian Colors Rest.*, 133 S. Ct. at 2310. The party seeking invalidation of an arbitration agreement bears the burden of showing that the doctrine of effective vindication applies. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

## DISCUSSION

Plaintiffs do not contest that their FLSA claims fall within the scope of their separation agreements' arbitration provisions. (*See* Docs. 35, 69.) Instead, they argue that the arbitration provisions are unenforceable because they require the parties to split the cost of arbitration, an arrangement which Plaintiffs contend prevents the effective vindication of their rights under the FLSA. (Doc. 35, pp. 1–4; Doc. 69, pp. 1–4.) The Court disagrees.

First, contrary to Plaintiffs' contention, the arbitration provisions in this case are not per se unenforceable merely because they involve cost-splitting. *See Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1259 (11th Cir. 2003). The effect of any cost-allocation requirement on a plaintiff's ability to effectively vindicate her rights is a fact-intensive inquiry requiring a case-by-case analysis. *See id.*

Second, while the effective vindication doctrine permits courts to invalidate arbitration agreements where the "filing and administrative fees attached to arbitration . . . are so high as to make access to the forum impracticable," *Italian Colors Rest.*, 133 S. Ct. at 2310–11, Plaintiffs have not demonstrated that arbitration costs would be impracticably high in this case. The party seeking to avoid arbitration on the ground that it is prohibitively expensive "has an obligation to offer evidence of the amount of fees he is likely to incur, as well as of his inability to pay those fees." *Musnick*, 325 F.3d at 1260; *see also Green Tree*, 531 U.S. at 92 (holding that the

party arguing that arbitration is cost-prohibitive "bears the burden of showing the likelihood of incurring such costs"). Here, Plaintiffs have not come forward with any such evidence (*see* Docs. 35, 39), and their failure to do so is fatal to their effective vindication argument. *See Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1028 (11th Cir. 2003) (rejecting a plaintiff's effective vindication argument for lack of evidence as to arbitration costs).

Plaintiffs alternatively argue that if the Court does not find that the cost-splitting requirement renders the arbitration provisions entirely unenforceable, it should at least strike the cost-splitting language itself and require Defendant to bear the entire cost of arbitration. (*See* Doc. 35, pp. 4–5; Doc. 69, pp. 4–5.) In support, Plaintiffs cite several cases in which defendants independently offered to cover all arbitration expenses or agreed to waive an agreement's cost-allocation provision. *See, e.g.*, *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 300 (5th Cir. 2004) (declining to address the enforceability of a "Fee and Costs" provision in an arbitration agreement because the defendant agreed to pay all arbitration costs). That the defendants in those cases voluntarily agreed to cover arbitration costs does not provide a basis for compelling Defendant to do so here. Defendant has not offered to cover arbitration expenses, and the Court declines to order otherwise. (*See* Docs. 12, 68.) Moreover, the Court cannot strike the cost-splitting language for the same reason it cannot invalidate the arbitration provisions because of its inclusion—Plaintiffs have not provided any evidence that splitting the cost of arbitration would be prohibitively expensive in this case. *See Musnick*, 325 F.3d at 1260 (requiring evidence of prohibitive costs before permitting modification of an arbitration agreement).

4

Thus, Plaintiffs have not demonstrated any basis for invalidating the arbitration provisions in their separation agreements, Defendant's motions to compel are therefore due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Hartford Fire Insurance Company's Motion to Dismiss and Compel Arbitration of Plaintiffs Farrell Prudent and Susan O'Hearn's Claims and Incorporated Memorandum of Law (Doc. 12) is **GRANTED**.

2. Defendant Hartford Fire Insurance Company's Motion to Dismiss and Compel Arbitration of Plaintiff Carmen Flores' Claims and Incorporated Memorandum of Law (Doc. 68) is **GRANTED**.

3. Plaintiffs Farrell Prudent, Susan O'Hearn, and Carmen Flores are **COMPELLED** to arbitrate their claims against Defendant individually pursuant to the terms of their respective separation agreements (Docs. 12-1, 12-2, 68-1).

4. This case is **STAYED** as to Plaintiffs Farrell Prudent, Susan O'Hearn, and Carmen Flores.[2] The parties are **DIRECTED** to jointly notify the Court of the status of the arbitration proceedings on November 19, 2014, and every ninety (90) days thereafter. The parties are further **DIRECTED** to immediately notify the Court upon conclusion of the arbitral proceedings.

---

[2] Defendant requests dismissal of Plaintiffs' claims in lieu of staying them. (Doc. 68, p. 14.) However, "[u]pon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration," not dismissed. *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 19, 2014.

												_____
												ROY B. DALTON JR.
												United States District Judge

Copies:

Counsel of Record