UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBRA MONSERRATE, KELLY BIRCHELL,
SHAWN CRAFT, VIVIAN EDWARDS,
BILL FABER, REID MAYBECK,
SUSAN O'HEARN, FARRELL PRUDENT,
and PAMELA WARD
on behalf of themselves and others
similarly situated

                    Plaintiffs,                    CASE NO.: 6:14-cv-149-Orl-37GJK

v.                                   **FLSA COLLECTIVE ACTION**

HARTFORD FIRE INSURANCE COMPANY,
a Foreign for Profit Corporation.

                    Defendants.
_____/

### PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE CLASS AND ISSUANCE OF NOTICE AND INCORPORATED MEMORANDUM OF LAW

      Plaintiffs move this honorable Court for an ORDER: (1) conditionally certifying this collective class of "Analysts" as a National class; (2) requiring the Defendant to produce the names, addresses, and telephone numbers of each putative class member; and (3) compelling notice of this action be sent to each similarly situated person employed by Defendant within the preceding three years or presently employed in this capacity.

### BACKGROUND

      Plaintiffs, DEBRA MONSERRATE, KELLY BIRCHELL, SHAWN CRAFT, VIVIAN EDWARDS, BILL FABER, REID MAYBECK, SUSAN O'HEARN, and, FARRELL PRUDENT, and PAM WARD[1] ("Plaintiffs"), filed their collective action complaint alleging that Defendant, HARTFORD FIRE INSURANCE COMPANY, ("Hartford") misclassified the

_____

[1] Pam Ward was voluntarily dismissed from this action. See Order on same. (Doc. #58)

Analyst position as exempt from the overtime wage provisions of the Fair Labor Standards Act ("FLSA")[2]. Plaintiffs filed their complaint on behalf of all other Analysts, contending that they are similarly situated and deserving of national class status. Plaintiffs allege they did not fit within any exemption codified in the FLSA because they did not have the discretion to make decisions and did not supervise and manage two (2) or more employees. All of the Plaintiff's and Opt-In Plaintiffs worked for Defendant as "Analysts[3]" and allege they are similarly situated such that national class certification is warranted.

At the beginning of this Action, the parties submitted their Case Management Report ("CMR") requesting a bi-phasic discovery period and agreeing to a deadline of April 17, 2015, for Plaintiffs to file their Motion for Conditional Certification. (Doc. #83) This Court issued its Case Management and Scheduling Order ("CMSO") but did not address the bi-phasic discovery period or the deadline for Plaintiffs to file their Motion for Conditional Certification. (Doc# 113) Pursuant to a 3.01(g) conference between the undersigned counsel and counsel for Defendant, Defendant's counsel advised Plaintiff's counsel that Defendant opposes this Motion due to is "untimeliness." However, this Motion is not untimely. It is clearly filed by the deadline the parties agreed to in their CMR; it was not addressed in the Court's CMSO; and, there is nothing that requires Plaintiffs to file a Motion for Conditional Certification on or before a deadline for Motion to Amend/Add Parties.

---

[2] There are also five (5) other Analysts currently in AAA arbitration on these same claims due to releases they signed with Defendant, requiring them to arbitrate these claims.

[3] The term "Analyst" means all persons who have been, are, or in the future will be employed by the Defendant in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included): Ability Analyst Segment I; Ability Analyst Segment II; Ability Analyst Segment III; Ability Analyst Segment IV; Ability Analyst IV; LTD Sr. Ability Analyst; Segment II Claims Analyst; LTD Claims Examiner III; LTD Segment II Analyst; Senior Ability Analyst; Senior Ability Analyst IV; Senior Ability Analyst II; CAR I Analyst; CAR Specialist Analyst; Short Term Disability Analyst I, Short Term Disability Analyst II, Short Term Disability Analyst III, Short Term Disability Analyst IV, Long Term Disability Analyst I, Long Term Disability Analyst II, Long Term Disability Analyst III, Long Term Disability Analyst IV, Long Term Disability Analyst V, Claims Examiner I, Claims Examiner II, Claims Examiner III.

1.   The Plaintiffs allege the following key facts: Defendant HARTFORD FIRE INSURANCE COMPANY, is a Foreign for Profit Corporation, operating a business located, among other locations throughout the United States; in Orange County, Florida.  Defendant is an employer as defined by 29 U.S.C. § 203(d).  Defendant is subject to the provisions of 29 U.S.C. § 216, where Plaintiffs were employed.

2.   As further explained below, Plaintiff, and Opt-In Plaintiffs, worked hours and performed performed job duties which were structured and determined by Defendant. In fact, many of Plaintiffs' duties were clerical in nature and controlled by Defendant's policies and procedures. Plaintiffs worked within procedures closely prescribed limits set by Defendant to determine correct responses to inquiries and circumstances presented by claimants. Plaintiffs had specific caps of authority to work within; Plaintiffs did not visit locations related to the disability claims; Plaintiffs never negotiated settlements with claimants; and, Plaintiffs did not have any involvement with litigation. Plaintiffs also used Form letters. These facts are further set forth herein and are detailed in the Deposition Transcripts, Affidavits, and Answers to Court Interrogatories.

3.   All of these Analysts worked beyond the expected forty hour work week, and were not paid overtime.

4.   On January 29, 2014, Plaintiffs filed a Collective Action Complaint and Demand for Jury Trial alleging that Defendant violated the FLSA by failing to pay Plaintiffs, and all others similarly situated, overtime compensation.

5.   The Plaintiffs have complied with all pleading requirements to assert a collective action under 29 U.S.C. §216 and 29 U.S.C. §256.

6.   Plaintiffs allege that Defendant has willfully misclassified the Analyst positions as exempt in violation of the FLSA, 29 U.S.C. §§ 206 and 207 and failed to pay overtime

7.   The Collective Class should also include all Analysts who are or were employed with Defendant, within the past three years preceding this lawsuit to the day of the trial in this action, and any additional opt-ins to this action pursuant to FLSA 29 U.S.C. Section §216(b) who have worked in excess of forty (40) hours per week and were not paid overtime wages.

8.   Through their deposition testimony, Answers to Court Interrogatories, and Affidavits, Plaintiffs and Opt-In Plaintiffs demonstrate that their claims are typical of the claims of other former and currently employed Analysts of Defendant and are typical of the claims of all members of the collective class. The Affidavits also demonstrate that there are other Analysts within Florida and in other states that are similarly situated and would be interested in being notified of their right to opt-in to this action.

9.   Conditional certification of the national class of Analysts is warranted pursuant to § 216(b) of the FLSA.

10. With the size of Hartford, the class of Analysts is estimated to be well in excess of 1,000 employees.

11. Accordingly, it is imperative that this Court approve notice to the class members informing them of the existence of this action because the statute of limitations continues to run as to each and every person who is, or who might be, a member of the proposed class, and they are entitled to notification of the pendency of this action and of their right to consent to becoming a party to this action. 29 U.S.C. § 216(b)

12. Courts across the nation typically grant conditional certification using a very lenient standard, which only requires that plaintiffs show by a reasonable basis that they are similarly situated. *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

13. Simply put, Plaintiffs and the Opt-In Plaintiffs, and all similarly situated Analysts, are without a doubt similarly situated, subjected to a common, uniform scheme by Defendant of misclassifying them as exempt and are owed for overtime wages. The individual members of the class cannot be completely identified and notified of their right to join this action without access to Defendant's records for the information requested in paragraph (c) below, and within this Court permitting the notification to all of these individuals.

**WHEREFORE**, for the reasons more fully discussed in the incorporated Memorandum in Support, Plaintiffs request this Court to:

a)      recognize this matter as a collective action under §216(b) of the FLSA and conditionally certify this as a National Collective Class;

b)      enter an Order permitting notification to all similarly situated individuals of the pendency of this action and of their statutory right to opt-in to this action and to become a party;

c)      enter an Order requiring Defendant to produce the names, addresses, telephone numbers and emails of all former and present Analysts[4] as well as those who were employed within the 3 years prior to the filing of the Complaint up to trial;

d)      enter an Order permitting the proposed "Notice to Consent to Join" form be sent to all similarly situated individuals to complete, sign, and file with the Court within sixty (60) days of receipt of the list of all similarly situated individuals from Defendant, and appoint

---

[4] Defendant has used shifting titles for these positions and has changed the names of these positions; however, Plaintiffs believe the positions set forth in Footnote #3 cover all of the positions of individuals similarly situated and who were and/are owed overtime given the different titles encompassed by the Plaintiffs and Opt-in Plaintiffs in this action, and the deposition testimony that these titles have been continuously  shifted by Defendant despite the job duties and responsibilities staying the same.

LYTLE & BARSZCZ as the Class Representative[5] with authority to negotiate on behalf of the class.[6]

## MEMORANDUM OF LAW

Pursuant to the Fair Labor Standards Act, a party plaintiff may maintain an action on behalf of himself or herself and those similarly situated to him or her.

…an action to recover liability … may be maintained against any employer … by any one or more employees for and on behalf of … themselves and other employees similarly situated. **No employee shall be a party plaintiff to any such action unless she gives her consent in writing to become such party and such consent is filed with the court in which such action is brought.**

29 U.S.C. § 216(b) (emphasis added)

Hartford Fire Insurance is an extremely large insurance company that maintains offices throughout the United States and in many International locations. The Defendant has used shifting titles for positions and has changed the names of positions of similarly situated analysts. The term "Analyst" means all persons who have been, are, or in the future will be employed by the Defendant in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles including but not limited to: Short Term Disability Analyst I, Short Term Disability Analyst II, Short Term Disability Analyst III, Short Term Disability Analyst IV, Long Term Disability Analyst I, Long Term Disability Analyst II, Long Term Disability Analyst III, Long Term Disability Analyst IV,

---

[5] *See Espanol v. Avis Budget Car Rental, LLC*, 2011 U.S. Dist. LEXIS 120485, 2011 WL 4947787, 4-5 (M.D. Fla. Oct. 18, 2011), in which the Honorable James Moody granted collective certification to a class of Shift Managers and appointed Bernar Espanol as the Class Representative to facilitate negotiations and enter into a proposed settlement on behalf of the class opt-ins.

[6] The Court will be asked to approve any settlement under *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982) and attorney's fees. *See Torrisi v. Tucson Elc. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (attorneys' fees are recoverable as a proportion of the class recovery under FLSA cases).

Long Term Disability Analyst V, Claims Examiner I, claims Examiner II, and Claims Examiner III. All Plaintiffs duties were clerical in nature and included Initial Claims setup, telephonic interviews with claimants, conduct interviews to verify medical information, applied procedures developed by the Defendant within closely prescribed limits set by the Defendant to determine correct responses to inquiries and circumstances presented by Defendants long term disability claimant.(Pltfs Ct ROG's pg. 2 ¶ 4) Plaintiff were expected to work a minimum of 40 hours per week and were required to be present during the Defendant set "core hours" of 9:00 a.m. to 3:00 p.m. (Harris Depo. Pg.47 l. 24; Fernandez Depo. Pg.49 ll. 23-25; Elkins Depo. Pg. 35 l. 15; Craft Depo. Pg. 44 ll. 7-10; Rudgers Depo. Pg. 59 ll. 9-12; Faber Depo p. 35, ll. 17-18; p. 36, ll. 23-25; p. 41, ll. 20-23, Smith Depo. p. 11, ll. 16-25; Monserrate Depo. p. 39, ll. 3-7)  Plaintiffs were offered the opportunity alter their work hour prior to and after the "core hours" as long as the "core hours" were included in their work day and they met the 40 hour minimum requirement. (Harris Depo. Pg. 48 ll. 4-5, Fernandez Depo. Pg. 49 ll. 23-25, Elkins Depo, Pg. 35 l. 15, Craft Depo. Pg. 44 ll. 7-10, Rudgers Depo. Pg. 59 ll. 9-12) All Plaintiffs were misclassified as exempt by the Defendant and worked in excess of 40 hours per week to included weekends, during which time Plaintiff's only received compensation for the standard 40 hour work week. (Court Interrogatories pg. 2 ¶ 4) (Harris Depo. Pg. 54 ll. 24-25; Fernandez Depo. Pg. 49 ll. 23-25; Elkins Depo, Pg. 38 ll. 19-21; Craft Depo. Pg. 47 ll. 11-15; Rudgers Depo. Pg. 59 ll. 9-12; Faber Depo. Faber depo p. 10, ll. 8-25; p. 11, ll. 1-25; Smith Depo, p. 11, ll. 16-25; Monserrate Depo. p. 70, ll. 6-23,) Plaintiffs were required to operate under strict policies and procedures set forth by the Defendant and utilized scripted question and predetermined form letters to adhere to the set policies and procedures. (Harris Depo. Pg. 54 ll. 24-25; Fernandez Depo. Pg. 49 ll. 23-25; Elkins Depo, Pg. 38 ll.19-21; Craft Depo. Pg. 47 ll. 11-15; Rudgers Depo. Pg. 59 ll. 9-12; Faber Depo. p. 45, ll. 18-25; p. 46, ll. 1-2; p. 46, ll. 20-22; Smith

Depo p. 23, ll. 1-7; Monserrate Depo. p. 77, ll. 21-25, p. 78 ll. 1-6) Each Plaintiff utilized the same routine and at no time during their work did the Plaintiffs exercise any decision making authority. All necessary decisions with regard to the settlement of claims would be referred to the "team leader" or "case manager". (Harris Depo. Pg.35 ll. 10-11; Fernandez Depo. Pg.; Elkins Depo, Pg.28 ll. 6-8; Craft Depo. Pg.30 ll. 17-21; Rudgers Depo. Pg. 30 ll. 14-15; Monserrate Depo. p. 41, ll. 5-11 p. 113, ll. 20-23) Each Plaintiff was provided a strict dollar amount to include a high number and a low number to which they were instructed to offer to the claimant for settlement. (Harris Depo. Pg.36 ll.8-9; Fernandez Depo. Pg.; Elkins Depo; Pg. 22 ll.6-7; Monserrate Depo. p. 41, ll. 5-11 p. 113 ll. 20-23) At no time during the Plaintiff employment were they ever in a supervisory role nor were they involved with litigation.

Although Plaintiffs and those similarly situated, were labeled as exempt, that classification is incorrect. The Analysts were limited in their discretion to make decisions of significance and did not manage two (2) or more employees.

Plaintiffs have all alleged working hours beyond the forty (40) hour work week; all were paid a salary during all relevant time periods; and, all were treated as exempt employees, when they were not. As such, Defendant's practices and policies violate the FLSA's overtime provisions, particularly 29 U.S.C. § 207, which requires an employer to pay its employees for any hours worked in excess of forty (40) in a workweek not less than one and one-half times the regular rate at which he/she is employed. There are similarly situated employees in the state of Florida and nationwide that should receive notification. Therefore, Plaintiffs seek this Court's authorization to facilitate notice to Defendant's current and former "Analysts" who were and/or are subjected to the illegal practices described above and below at any time within the last three years and in the present.

I.      **Standards for Collective Action Conditional Certification**

    A.      **Authority to Send Class Notice and Burden of Proof**

Under 29 U.S.C. § 216(b) of the FLSA, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the Court in order to be bound by the outcome of the case. Without signing and filing such an express consent, employees are not bound by the outcome of the litigation. 29 U.S.C. § 216(b)

In *Hoffman-La Roche, Inc. v. Sperling*, 110 S. Ct. 482, 486 (1989), the United States Supreme Court held that trial courts have the authority to compel defendant-employers to provide names and addresses of potential plaintiffs and that this authority also includes sending court-authorized consent forms to potential plaintiffs. *Id; see also Dybach v. State of Florida, Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991) (holding that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to "opt-in.").

Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *Hoffman-LaRoche, supra* at 487. In the absence of a court-authorized notification to all similarly situated employees, those employees would in all likelihood (i) not receive timely, complete and accurate information as to the pendency of this action, (ii) lack meaningful access to the court and (iii) have no practical or efficient method of vindicating their rights. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613 (S.D. Tex. 1979) (finding that notice was required through notions of fundamental fairness).

## B.     The Eleventh Circuit's Two-Tiered Approach

In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1214–15 (11th Cir. 2001),

the Eleventh Circuit addressed the standard for permitting court-supervised collective actions.

While *Hipp* was an action maintained under the Age Discrimination in Employment Act, the

*Hipp* analysis is relevant to FLSA collective actions because "[p]laintiffs wishing to sue as a

class under ADEA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b)

instead of the opt-out class procedure provided in Fed. R. Civ. P. 23." *Hipp*, *supra* at 1216. In

that case, the 11th Circuit outlined a two-tiered procedure that district courts should use in

certifying collective actions under Section 216(b), stating:

> The first determination is made at the so-called "notice stage." At the notice stage,
> the district court makes a decision – **usually based only on the pleadings and any**
> **affidavits which have been submitted** – whether notice of the action should be
> given to potential class members. Because the court has minimal evidence, this
> determination is made using a fairly lenient standard, and typically results in
> "conditional certification" of a representative class. If the district court
> "conditionally certifies" the class, putative class members are given notice and the
> opportunity to "opt-in."
>
> The action proceeds as a representative action throughout discovery. The second
> determination is typically precipitated by a motion for "decertification" by the
> defendant usually filed after discovery is largely complete and the matter is ready for
> trial. At this stage, the court has much more information on which to base its
> decision, and makes a factual determination on the similarly situated question. If the
> claimants are similarly situated, the district court allows the representative action to
> proceed to trial.

Since the *Hipp* decision, the District Courts in the Eleventh Circuit have utilized this two-

tiered approach *See, e.g.*, *Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1230 (S.D.

Ala. 2003); *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1102 (M.D. Ala. 2003);

and,  *Stone v. First Union Corp.*, 216 F.R.D. 540, 544–46 (S.D. Fla. 2003). During this first step,

the District Court may grant conditional certification if a plaintiff demonstrates a reasonable

basis to believe that "(1) there are other employees of the Defendant who desire to opt-in and (2)

that these other employees are "similarly situated" with respect to their job requirements and with regard to their pay provisions." *Reyes v. AT&T Mobility*, 801 F.Supp.2d 1350, 1355 (S.D. Fla. 2011), *citing Dybach, supra,* 942 F.2d at 1567-68; and, *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008). The burden on a Plaintiff at this point is very lenient. Usually at this step since discovery is not completed and the plaintiff has limited evidence to support the motion to certify the class, "the typical result is that the motion is granted." *Cameron-Grant v. Maxim Healthcare Servs., Inc*., 347 F.3d 1240, 1243 (11th Cir. 2003); *see also Morgan, supra.*

In defining a "similarly situated class" pursuant to 29 U.S.C. §216(b), a plaintiff need only demonstrate that the defined class is comprised of representatives who are similarly situated to Plaintiffs with regard to Defendant's payroll practices and record keeping requirements. *See* 29 U.S.C. §216(b); *see also Dybach, supra*. There is no requirement of "strict symmetry" or "absolute identity;" rather, potential class members must meet only a "sufficiently similar" standard. *Glass v. IDS Financial Services, Inc.*, 778 F. Supp. 1029, 1081 (D. Minn. 1991) (an allegation that a single decision, policy or plan precipitated the challenged action was sufficient to define the class). Plaintiffs have exceeded the standard in this case. Plaintiffs and the Opt-In Plaintiffs all allege nearly identical job duties, hours, lack of authority, lack of supervision of others and nearly identical employment history working as "Analysts."

In fact, Numerous courts have found putative class members to be similarly situated where they have only superficially different job titles or slightly different job duties. Holbrook v. Smith & Hawken, Ltd., 246 F.R.D. 103, 106 (D. Conn. 2007) ("The court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated."); See also Berger v. Cleveland Clinic Found., 2007 U.S. Dist. LEXIS 76593,

2007 WL 2902907, at *20–21 (N.D. Ohio Sept. 29, 2007) (finding that although most of the putative class members were classified as respiratory therapists and the plaintiff was classified as a respiratory technician they were all similarly situated because they all worked in the same department, had the same supervisor and their job duties overlapped). There is no dispute that the job titles for Hartford are uniform.

### C.    Common Scheme or Plan

In determining whether to grant notice of a collective action, Courts also focus on whether plaintiffs were victims of a common scheme or plan that violated the law. Plaintiffs need not conclusively demonstrate that they and the other putative class members are, in fact, similarly situated. Rather, they must show that they "and potential plaintiffs together were victims of a common policy or plan that violated the law." *Rubery v. Buth Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334 (W.D.N.Y. 2008); se*e also Scholtisek* 229 F.R.D. 381, at 390 ("[w]hat is important is that these employees were allegedly subject to a common practice or scheme on [their employer's] part"). Moreover, "it would be inappropriate … to require plaintiff to meet a more stringent standard than that typically applied at the early stages of litigation" before discovery is complete. *Chowdhury v. Duane Reade, Inc.*, 2007 WL 2873929, at *3, 2007 U.S. Dist. LEXIS 73853 at *10-*11 (S.D.N.Y. 2007).

### D.    Sufficient Interest Requirement

Also, when determining whether to grant a Motion for Class Notice, Courts typically do not require a high number of Opt-in Plaintiffs to have already joined the case. *See e.g., Dietrich v. Liberty Square*, 230 F.R.D. 574, 579 (N.D. Iowa 2005) (**Two (2)** affidavits provide sufficient factual basis for similarly situated inquiry); *See also Beck v. Desoto Health and Rehab*, Case

No.: 2:06-CV-226-FTM-34DNF, at Docs. 23, 34 (M.D. Fla. Jan. 24, 2004) (Granting Class Notice Motion with only **one (1)** Opt-in).

By providing a total of **nine (9)** Plaintiffs, including **five (5)** Opt-ins, Plaintiffs have demonstrated a sufficient number of Opt-In Plaintiffs who are interested in joining this suit.[7] In addition, Plaintiffs have stated that they believe that if other Analysts are provided notice of their right to opt-into this suit they will likely exercise their rights to opt-in. (See Affidavits of Antoinette Elkins, Amy Fernandez, Carmen Flores, Stephanie Francis, Nathan Rudgers, and Laura Smith.)

Additionally, this Court does not need to strain to find that the Plaintiffs and the Opt-In Plaintiffs are similarly situated to all of the putative class they seek to certify. The Plaintiff's Court Interrogatory Responses and Deposition transcripts show common factors warranting national class certification on behalf of Analysts which are: (1) all worked identical work schedules and were salaried exempt; 2) all were expected to work more than 40 hours each week, and often worked on weekends; 3) all were without decision-making authority; 4) all did not supervise 2 or more employees; 5) all worked hours beyond those on the schedule, either at home or at the office; 6) all were treated as exempt employees from the overtime wage provisions of the FLSA; 7) Many of Plaintiff's duties were clerical in nature and controlled by Defendant's policies and procedures.; 8) all performed the same routine tasks; 9) Plaintiff applied procedures developed by Defendant within closely prescribed limits set by Defendant to determine correct responses to inquiries and circumstances presented by Defendant's long term disability claimants including but not limited to using form letters; 10)  Plaintiff had specific

---

[7] There are also 5 individuals represented by the undersigned who are similarly situated who are in arbitration due to releases they signed with Defendant.

caps of authority to work within, never negotiated settlements with claimants; and 11) did

not have any involvement with litigation.

Based upon the allegations in the Complaint and the above-referenced Deposition Transcripts, Answers to Court Interrogatories, and Affidavits, it is clear that this class of Analysts should be conditionally certified and that Court ordered notice be given to all putative class members.

### E.        Numerous Courts Have Granted Collective Actions in Similar Cases

The recent case of *Stuven v. Tex. De Braz. Tampa Corp.,* 2013 U.S. Dist. LEXIS 22240, 2013WL 610651 (M.D. Fla. Feb. 19, 2013), is also highly instructive and factually important as to the threshold necessary to factually support the lenient standard necessary at this juncture to obtain conditional class certification. Other courts have also granted conditional certification in cases where the titles of plaintiffs and employees differed. *See Lujan v. Cabana Mgmt.*, 2011WL 317984, 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011) (granting conditional certification where the proposed putative class included "servers, hosts(esses), bartenders, bar-backs, busboys, runners, dishwashers, and other restaurant related tasks," and both tipped and non-tipped employees); *see also Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306–07 (S.D.N.Y. 1998) (granting conditional certification to employees at multiple restaurant locations, who collectively held positions as waiters, porters, dishwashers, cooks, back-waiters, bartenders, runners, pizza-makers, busboys, and security guards).

In sum, Plaintiffs have submitted substantial evidence in support of their Motion to support their belief that they all performed the same job duties, that they all regularly worked in excess of forty hours per week and that Defendant had a practice of not paying its Analysts overtime compensation.

Allowing notification to this national putative class, which may exceed 1,000 class members, avoids multiple lawsuits where numerous employees have been harmed by the same violation. *See Hoffman-LaRoche supra*, 493 U.S. at 470.

## II.     The "Merits" of Plaintiff's Claims are Not Considered at This Time

Aside from a potentially specious timeliness argument by Defendant, Plaintiff anticipates Defendant will argue that notice should not proceed based upon the only possible defense it may have to this action – that Plaintiffs were properly classified as exempt employees pursuant to the FLSA. Although Plaintiff expects this defense will ultimately fail based upon the facts that will emerge during discovery, such an argument is not persuasive at this juncture. In this regard, at the "conditional certification" stage, courts *do not weigh the merits* of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated." *See Kreher v. City of Atlanta*, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006), *citing Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54-55 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated); *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim for relief, the *only* inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff…").

Again, the standard for conditional certification is lenient standard. *See e.g. Kreher, supra* at 4; *Leuthold v. Destination America*, 224 F.R.D. 462, 468 (N.D. Cal. 2004); *Goldman v. Radioshack Corp.*, No. Civ.A. 2:03-CV-032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the

class is brought by the defendant."); *see also Felix De Asencio v. Tyson Foods, Inc.*, 130 F.Supp. 2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question.").

Even further discovery at this first notice stage is unnecessary for this Court to make a determination of similarly situated. *See Grayson*, 79 F.3d at 1099 (holding that a district court *may*, but is not required to hold an evidentiary hearing prior to making its section 216(b) decision particularly where the Defendant's rights are not substantially affected) (*emphasis added*); *see also Lloredo v. Radioshack Corp.*, 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005) (refusing to examine discovery in making its first stage similarly situated determination); *see also Harrison v. Enterprise Rent-A-Car Co.*, 1998 WL 422169, 1998 U.S. Dist. LEXIS 13131, at *13 (July 1, 1998) (holding that the fact that subsequent discovery may prove the original plaintiffs and the opt-in plaintiffs are not after all "similarly situated" does not defeat conditional class certification).

Moreover, neither an examination of discovery nor an examination of Defendant's defenses is necessary at this stage. *See Pendlebury* v. Starbucks Coffee Co., 2005 WL 84500 (S.D. Fla. Jan. 3, 2005) (stating that a factual determination of the similarly situated question is not appropriate at this time because of the early stages of the litigation); *see also Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment setting, as well as various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery."); *see also Goldman v. Radioshack Corp.*, 2003 WL

21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant.").

Moreover, discovery is not necessary because courts at this stage do not resolve factual disputes or make credibility determinations. *See Scott v. Heartland Home Finance*, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006) (*citing Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 279 (D. Minn. 1992)); *see also Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."). In *Scott*, the court held that it was not appropriate for the court to address the merits of plaintiffs' claims or weigh evidence and thus refused to consider the Defendant's arguments regarding the variation in specific job duties, locations, working hours, or the availability of various exemptions. *Scott*, 2006 WL 1209813, at *3 (*citing Pendelbury*, 2005 WL 84500, at *3 (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage)); *see also Moss v. Crawford & Co.*, 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective class to the extent that it defeats the primary objectives of a section 216(b) action.").

Through the allegations in the Complaint, the Answers to Court Interrogatories, the Deposition Transcripts and Affidavits, the Plaintiffs have provided more than ample evidence to warrant conditional certification and court supervised notice of this lawsuit to be sent all former and present "Analysts" employed by Defendant. Accordingly, Plaintiff's Motion should be granted at this time.

## III.   <u>Plaintiff's Notice Should be Posted at All Hartford Locations</u>

Plaintiffs' proposed judicial notice is "timely, accurate, and informative." *See Hoffman-La Roche*, 493 U.S. at 172. *See* attached Notice of Collective Action and Declaration of Consent

to Join as Composite **Exhibit A**. Plaintiff also requests that, in addition to permitting Plaintiff to notify the potential Class members by U.S. Mail and Email, that this notice be posted at each of Defendant's locations across the United States to further the broad remedial purpose of the FLSA. *See Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. Apr. 19, 2006) (finding that first class mail, combined with posting provided for the "best notice practicable" to the potential class); *Veliz v. Cintas Corp.*, 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) (requiring employer to post notice and consent forms in all of its work sites); *Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (finding direct mail and posting on company bulletin boards reasonable).

## IV.    Defendant Must Produce Names and Addresses of The Class

The opt-in provisions of the FLSA require a procedure for identifying and notifying potential class members. *Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987, at *3 (W.D. Wash. June 22, 2006) (compelling the defendant to produce the names and addresses of potentially similarly situated employees despite the fact that no conditional class certification motion was pending before the court). As such, discovery of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice. *See Hoffman-La Roche*, 493 U.S. at 165; *See also Dietrich v. Liberty Square*, 230 F.R.D. 574, 581 (N.D. Iowa 2005); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006).[8] Thus, if Plaintiffs' Motion is granted, the Defendant should likewise be ordered to provide Plaintiffs

---

[8] The names and addresses of potential class members are discoverable during the regular course of discovery even absent judicial notice because current and formers servers/bartenders are critical fact witnesses to this lawsuit. *Hoffman-La Roche* acknowledged the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter." 493 U.S. at 160; *see also Barton v. The Pantry*, Inc., 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006) (ordering defendant to produce a list of plaintiffs' co-workers prior to conditional certification).

with a list of all putative class members' names and addresses, including email addresses in order to carry out notice.

**V.      Proposed Notice**

The Notice proposed by Plaintiff is typical of notices approved many times in the Middle Middle District. **See Composite Exhibit A**. It almost mirrors the form approval in the Middle Middle District of Florida, case *Parrilla v. Allcom*, Case No.: 6:08-cv-01967-GAP-GJK at Doc. 69. *See also Simpkins v. Pulte Home Corp.*, 2008 WL 3927275 at p. 9 (M.D. Fla. 2008); *citing Cox v. Appliance Direct, Inc.*, 6:08-cv-216-ACC-DAB, docs 66 and 69; *Gutescu v. Carey Intern, Inc.*, 2003 WL 25586749 at p. 18 (S.D. Fla. 2003) (similar notice form issued). Included in the notice is a basic statement of the law against retaliation by an employer if a putative plaintiff joins the case. *Id.* In addition, there does not have to be any statement in the notice concerning a potential Plaintiffs' liability for costs. *See Littlefield v. Dealer Warranty Services, LLC*, 2010 WL 173796 (E.D. Mo. Jan. 15, 2010) (denying Defendant's request that the notice inform potential plaintiffs of the possible costs they might incur by joining the lawsuit, because it might discourage plaintiffs from joining the litigation).

Finally, the overwhelming majority of Courts use a 3 year statute of limitations period because whether there is a willful or reckless violation will not likely be decided until trial. *See Simpkins v. Pulte Home Corp.*, 2008 WL 3927275 at p. 9 (M.D. Fla. 2008) (the determination whether that standard is met in this case is fact determinative and will not be made at the conditional certification stage). Plaintiffs have sufficiently alleged in their Complaint that a willful violation has occurred to warrant reference to the FLSA's three-year statute of limitations. *See Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1242 (S.D. Ala. 2008) (approving 3-year statute of limitations in a court-facilitated notice when the plaintiffs

adequately alleged willfulness); *see also Cryer v. Intersolutions, Inc.*, No. 06-2032, 2007 WL 1053214, at \*3 (D.D.C. Apr. 7, 2007) (applying 3 year sol applicable for defining class period in court-facilitated notice where plaintiff alleged willful conduct). Where Plaintiff has alleged a willful violation, however, "it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective certification process." *Anglada v. Linens 'N Things, Inc.*, No. 06-CV-12901, 2007 WL 1552511, at \*8 (S.D.N.Y. May 29, 2007).

**VI.**    **Conclusion**

Plaintiffs have met their burden to conditionally certify the collective class of Analysts and to facilitate notice to putative collective class members. Accordingly, Plaintiffs respectfully request that this Court conditionally certify the proposed collective class and permit notice to all current and former Analysts of Hartford's employed in the preceding three (3) years through the present on a National scale because of Defendant's improper practices and policies.

**Local Rule 3.01(g) Conferral**

Pursuant to Local Rule 3.01(g), unlike other motions, undersigned counsel is not required to confer with opposing counsel in a good faith attempt to resolve this collective action motion by agreement prior to its filing. Despite not having to confer, Plaintiffs' counsel did confer in good faith, and Defendant's counsel has stated that Defendant opposes this Motion on the basis that it is untimely. Plaintiff respectfully disagrees as set forth previously discussed on page 2 of this Motion.

**WHEREFORE**, for the reasons more fully discussed in the incorporated Memorandum in Support, Plaintiffs request this Court to:

a)      recognize this matter as a collective action under §216(b) of the FLSA and conditionally certify this as a National Collective Class;

b)      enter an Order permitting notification to all similarly situated individuals of the pendency of this action and of their statutory right to opt-in to this action and to become a party;

c)      enter an Order requiring Defendant to produce the names, addresses, telephone numbers and emails of all former and present Analysts[9] as well as those who were employed within the 3 years prior to the filing of the Complaint up to trial;

d)      enter an Order permitting the proposed "Notice to Consent to Join" form be sent to all similarly situated individuals to complete, sign, and file with the Court within sixty (60) days of receipt of the list of all similarly situated individuals from Defendant, and appoint LYTLE & BARSZCZ as the Class Representative[10] with authority to negotiate on behalf of the class.[11]

Date: April 17, 2015                    Respectfully submitted,

*/s/ Mary E. Lytle*
**Mary E. Lytle, Esquire**
Florida Bar No. 0007950
**David V. Barszcz, Esquire**
Florida Bar No. 0750581
**W. Robert Sherry, Esquire**
Florida Bar No. 0497258
**LYTLE & BARSZCZ**
543 North Wymore Road

---

[9] Defendant has used shifting titles for these positions and has changed the names of these positions; however, Plaintiffs believe the positions set forth in Footnote #2 cover all of the positions of individuals similarly situated and who were and/are owed overtime given the different titles encompassed by the Plaintiffs and Opt-in Plaintiffs in this action, and the deposition testimony that these titles have been continuously shifted by Defendant despite the job duties and responsibilities staying the same.

[10] *See Espanol v. Avis Budget Car Rental, LLC*, 2011 U.S. Dist. LEXIS 120485, 4-5 (M.D. Fla. Oct. 18, 2011), in which the Honorable James Moody granted collective certification to a class of Shift Managers and appointed Bernar Espanol as the Class Representative to facilitate negotiations and enter into a proposed settlement on behalf of the class opt-ins.

[11] The Court will be asked to approve any settlement under *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982) and attorney's fees. *See Torrisi v. Tucson Elc. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (attorneys' fees are recoverable as a proportion of the class recovery under FLSA cases).

Suite 103
Maitland, FL 32751
Telephone: (407) 622-6544
Facsimile:  (407) 622-6545
mlytle@orlandoemploymentlawyer.net
dbarszcz@orlandoemploymentlawyer.net
rsherry@orlandoemploymentlawyer.net
**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2015, the foregoing was electronically filed with the Clerk of Court by using the E-Portal system, which will send a notice of electronic filing to:

**Donald C. Works, III, Esquire,** worksd@jacksonlewis.com, and **David R. Golder, Esquire,** golderd@jacksonlewis.com, **JACKSON LEWIS, P.C.,** 390 North Orange Avenue, Suite 1285, Post Office Box 3389, Orlando, Florida 32802-3389.


*/s/ Mary E. Lytle*
**Counsel for Plaintiffs**