UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |  |
|---|---|---|
| DEBRA MONSERRATE, et al., on behalf of themselves and others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| HARTFORD FIRE INSURANCE COMPANY, a foreign for profit corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | CASE NO. 6:14-cv-149-Orl-18GJK |

**DEFENDANT HARTFORD FIRE INSURANCE COMPANY'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. 119] AND FOR LEAVE TO FILE A RESPONSE IN EXCESS OF 20 PAGES AND INCORPORATED MEMORANDUM OF LAW**

Defendant, HARTFORD FIRE INSURANCE COMPANY, through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 6 and Local Rule 3.01, respectfully moves this Court for entry of an Order: (1) enlarging the time within which Defendant may file its Response to Plaintiff's Motion for Conditional Certification by one week, through and including Monday, May 11, 2015; and (2) granting leave for Defendant to file a Response of up to 25 pages in length (as opposed to the 20 permitted by the Local Rules), and in support hereof states as follows:

1. On April 17, 2015, Plaintiffs filed their Motion for Conditional Certification of Collective Action (the "Motion) [Dkt. 119].

2. Accompanying the Motion seeking certification of a nationwide class of "well in excess of 1,000" employees, were the transcripts of ten depositions and six affidavits.

3. Pursuant to Local Rule 3.01 and Federal Rule of Civil Procedure 6(d), Defendant's Response to the Motion is due Monday, May 4, 2015.

4. While Defendant has been diligently working on its Response to the Motion, preparation thereof requires a review of the transcripts and affidavits filed with the Motion and a careful analysis of the legal issues raised by the Motion. Accordingly, the review and analysis is expected to take somewhat longer than the fourteen (14) days permitted by the Local Rules for a Response.

5. Moreover, the evidence at issue in this matter is voluminous and extremely complicated such that Defendant is unable to thoroughly and effectively explain the matters at issue in a Response of 20 pages.

6. Further, in response to Plaintiffs' Motion seeking to conditionally certify a class including 26 different positions, Defendants expect to rely on citations to the deposition transcripts and affidavits on file. Such citations, in and of themselves, will require a large number of pages in Defendant's Response.

7. For these reasons, Defendant seeks an enlargement of time to file its Response to the Motion and leave to file a Response of up to twenty-five (25) pages.

8. A one week enlargement of time, through and including May 11, 2015, and an enlargement of the page limit for Defendant's Response by five pages will not prejudice any party.

**LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(g), M.D. Fla., the undersigned conferred with counsel for Plaintiffs on April 28, 2015 regarding this Motion. Plaintiffs' counsel advised the undersigned that Plaintiffs do not object to the requested enlargement of time. Plaintiffs' counsel further advised that Plaintiffs will not object to the requested five (5) page enlargement of the page limit as long as they are permitted to file a five (5) page Reply.

**MEMORANDUM OF LAW**

When an act may or must be done within a specified time, the Court may, for good cause, extend the time, with our without motion or notice, if the request is made before the original time or its extension expires. See Fed. R. Civ. P. 6(b).

The instant motion is brought before the expiration of time for Defendant's Response to the Motion. Defendant respectfully suggests good cause has been shown for the requested enlargement given the breadth of the issues raised by the Motion and the voluminous documentation filed therewith.

Moreover, given the number of legal issues raised by the Motion and the extensive citations to the record which will be required in Defendant's Response, Defendant respectfully suggests good cause has been shown for granting Defendant leave to file a Response of up to twenty-five (25) pages.

Additionally, no party will be prejudiced by a short enlargement of time or the enlargement of the page limit for Defendant's Response.

WHEREFORE, Defendant, HARTFORD FIRE INSURANCE COMPANY, respectfully requests that this Honorable Court enter an Order (i) GRANTING this Motion;

(ii) GRANTING Defendant an enlargement of time, through May 11, 2015, within which to file its Response to Plaintiff's Motion for Conditional Certification of Collective Action [Dkt. 119]; and (iii) GRANTING leave for Defendant to file a Response of up to twenty-five (25) pages.

DATED this 28th day of April, 2015.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:   (407) 246-8440
Facsimile:   (407) 246-8441


By:   */s/ Donald C. Works, III*
Donald C. Works, III
Florida Bar No.  340308
worksd@jacksonlewis.com

David R. Golder (*Pro Hac Vice*)
JACKSON LEWIS P.C.
90 State House Square, 8th FL
Hartford, CT 06103
Telephone:   (860) 522-0404
Facsimile:   (860) 247-1330
golderd@jacksonlewis.com

Attorneys for Defendant HARTFORD FIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2015, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Mary E. Lytle, Esquire and David Barszcz, Esquire, Lytle & Barszcz, 543 N. Wymore Road, Suite 109, Maitland, FL 32751 and to Laura Smith, 2701 Bower Road, Winter Park, FL 32792.

*/s/ Donald C. Works, III*
Donald C. Works, III

4820-7197-3411, v. 1