**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |  |
|---|---|---|
| **DEBRA MONSERRATE, KELLY BIRCHELL, SHAWN CRAFT, VIVIAN EDWARDS, BILL FABER and GREG MAYBECK, Personal Representative for the Estate of Reid Maybeck, on behalf of themselves and others similarly situated,** | ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **vs.** | ) ) | **CASE NO. 6:14-cv-149-Orl-RBD-GJK** |
| **HARTFORD FIRE INSURANCE COMPANY, a foreign for profit corporation,** | ) ) ) ) ) | |
| **Defendant.** | ) ) ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENTS OF ARBITRATION CLAIMS AND INCORPORATED MEMORANDUM OF LAW**

Arbitration Plaintiffs, Carmen Flores, Susan O'Hearn, and Ferrell Prudent [1] and Hartford Fire Insurance Company ("Defendant"), through their undersigned counsel and pursuant to Local Rule 3.01(g) jointly move the Court to approve the settlement reached by the parties in these arbitrations instituted under the Fair Labor Standards Act ("FLSA") and in support thereof, state:

1. The initial Complaint in this action was filed on January 29, 2014 (Doc. 1). The Amended Complaint was filed on February 12, 2014 (Doc. 7). In both

---

[1]    The Arbitration Plaintiffs opted into this action and were thereafter compelled to arbitrate their claims. (Doc. 85).

Plaintiffs' initial Complaint and Amended Complaint, Plaintiffs alleged unpaid overtime compensation was due to them, and those similarly situated, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA").

2.      The Arbitration Plaintiffs opted into this suit as follows:

Plaintiff Carmen Flores opted in on May 30, 2014 (Doc. 44);

Plaintiff Susan O'Hearn opted in on April 1, 2014 (Doc. 29); and

Plaintiff Ferrell Prudent opted in on April 1, 2014 (Doc. 30).

3.      On August 24, 2014, the Court issued an order staying the claims of the Arbitration Plaintiffs and compelling them to pursue their claims through arbitration. (Doc. 85).

4.      The parties pursued their claims in separate arbitrations, and ultimately reached mutually agreeable settlements.

5.      On July 27, 2016, the parties filed a Joint Notice of Settlement of Arbitration Claims with this Court. (Doc. 256)

6.       Given that Defendant and the Arbitration Plaintiffs have successfully come to individual agreements to resolve the disputes, they now seek approval of the settlements from the Court.  Copies of the Settlement Agreements between the parties are attached hereto as Exhibits A, B, and C.  Attached to each Settlement Agreement is a list of Defendant's affiliated entities released as part of the settlement.

7.      The settlement provides that Defendant will pay the following amounts to Plaintiffs for settlement and release of their FLSA claims initially brought in this action and ultimately pursued in arbitration:

      a.   Plaintiff Carmen Flores: $58,593.76;

      b.   Plaintiff Susan O'Hearn: $47,520.62; and

      c.   Plaintiff Ferrell Prudent: $43,917.66.

8.    The settlements further provide that Defendant will pay to Plaintiffs' counsel attorneys' fees and costs for the matters as follows:

      a.   Flores matter: $41,000.00;

      b.   O'Hearn matter: $33,000.00; and

      c.   Prudent matter: $29,000.00.

9.    In exchange for all payments made under the terms of the Settlement Agreements, Arbitration Plaintiffs release Defendant from their claims under the FLSA for unpaid overtime, liquidated damages, attorney's fees, costs and interest, that date back three years prior to the filing of that respective Plaintiff's Opt-In Form up to July 27, 2016.

10.    As described more fully below, the Defendant and Arbitration Plaintiffs agree that their respective agreements are a fair and reasonable settlement of bona fide disputes as to all FLSA claims brought in this action and individually arbitrated.

11.    The Parties request that, upon a finding that the Settlement Agreements are fair, the Court issue an Order dismissing the case as to the Arbitration Plaintiffs with prejudice.

**MEMORANDUM OF LAW**

**A.    Standard of Review.**

The above styled suit and each of the arbitrations arose under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held, "[t]here are only two

3

ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1)     the existence of fraud or collusion behind the settlement:
(2)     the complexity, expense, and likely duration of the litigation;
(3)     the stage of the proceedings and the amount of discovery completed;
(4)     the probability of plaintiff's success on the merits:
(5)     the range of possible recovery; and
(6)     the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287, at *4 (M.D. Fla. Jan. 8, 2007) *citing Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

4

**B.**    **There Is A Bona Fide Dispute As To Arbitration Plaintiffs' FLSA Claims and All of the Relevant Criteria Support Final Approval of the Settlements.**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due.   706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In this case, the Arbitration Plaintiffs asserted claims for overtime compensation allegedly due for certain periods during which they were employed as Analysts. As more fully explained in motion practice in the above styled collective action, including, Defendant's Motion for Decertification (Doc. 217), Motion for Partial Summary Judgment (Doc. 222), and Trial Brief (Doc. 239), Defendant contended and Plaintiffs denied that Plaintiffs were employed in a bona fide administrative capacity and were, therefore, exempt employees under the FLSA pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.200, et seq.   As reflected in Plaintiffs' responses to thereto (Docs. 219, 226) and in Plaintiffs' Motion to Clarify and Expand the Class (Doc. 168), there is bona fide dispute as to whether the Administrative Exemption applies to Plaintiffs.   These issues were hotly contested between the parties giving rise to contentious litigation spanning over two and a half years.   The same arguments advanced in the above styled collective action were advanced in the arbitrations.

5

In their answers to interrogatories, depositions, damages estimates and responses to written discovery, Arbitration Plaintiffs claimed damages for overtime worked while allegedly being misclassified. Initial damage estimates were made by Arbitration Plaintiffs without having documents from Defendant regarding their specific dates of employment, different pay rates during particular weeks, the alleged hours worked and specific weeks worked by the Arbitration Plaintiffs during the relevant time period, including any leave time Arbitrations Plaintiffs took. During the litigation and arbitrations, Defendant provided information regarding these issues, including computer and phone records that Defendant claimed reflected all hours worked by Plaintiffs. Defendant's expert analyzed the computer and phone records to evaluate the amount of hours Arbitration Plaintiffs worked as well the amounts potentially due if Arbitration Plaintiffs were found to have been misclassified. Arbitration Plaintiffs disputed the accuracy of the hours contained within Defendant's computer and phone records. As such, there was a clear dispute between the parties concerning the actual number of hours worked by the allegedly misclassified Analysts. During settlement negotiations the Arbitration Plaintiffs and Defendant spent numerous hours to come to separate, fair and equitable settlements that take into account the large divide between Arbitration Plaintiffs' estimated hours and Defendant's position as to Arbitration Plaintiffs' hours based upon the computer and phone records, as well the other highly contested issues such as the applicable statute of limitations based upon allegations of willfulness and the separate issue of liquidated damages.

After carefully and thoroughly considering the above information, Defendant and each Arbitration Plaintiff agreed to compromise the FLSA claims based upon a number

of factors pertaining to these issues. In the course of extensive settlement negotiations, Defendant and Arbitration Plaintiffs utilized their respective analyses to come to agreeable settlement amounts. In this regard, the following factors were utilized: (i) the number of months an Arbitration Plaintiff worked in a particular job during the relevant time period; (ii) the number of weeks worked by an Arbitration Plaintiff during the relevant time period taking into account any leave taken by the Plaintiff; (iii) when an Arbitration Plaintiff opted into the lawsuit; (iv) the particular Arbitration Plaintiff's rate of pay; (v) the particular Arbitration Plaintiff's Analyst position; (vi) the estimate of hours an Arbitration Plaintiff worked in any given work week based upon each Plaintiff's estimate of hours as well as Defendant's records and expert report regarding the same; and, other factors related to the legal risks associated with continued arbitration, the applicable statutes of limitation based upon Arbitration Plaintiffs' allegations that Defendant's actions were willful, and liquidated damages based upon Defendant's position that it acted in good faith. Further, the settlement amount for each arbitration was modeled after the same methodology utilized in the settlement of the above styled collective action, discounting the recovery based on the fact that the claims were before arbitrators and not a jury and based on the Arbitration Plaintiff's having signed acknowledgements in severance agreements that they'd been paid all amounts to which were entitled. As a result, the settlements are a compromise between Arbitration Plaintiffs' and Defendant's respective calculations. The parties negotiated through extensive informal settlement discussions to come to an agreeable and equitable compromise between the parties' positions.

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees,* 706 F. Supp. 2d at 1243-1244. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvably close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id.* at 1244. Here, the parties agree that there is a bona fide dispute as to whether Arbitration Plaintiffs were exempt employees that cannot readily be resolved based on the facts of the case or the law.

In *Dees*, the Court also provides several "external" factors that may commend rejecting a proposed compromise, such as a likelihood that the Plaintiffs' circumstances will recur and a history of FLSA non-compliance by the same employer or others in the same industry or geographic region. *Id.* In these cases although there was argument by Arbitration Plaintiffs that some of these issues were present, Defendant disputes that these "external" factors were present, and therefore, given the dispute by the parties on these external factors, this settlement does not frustrate the purposes of the FLSA.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994, *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Arbitration Plaintiffs were represented by Mary E. Lytle, Esquire and David Barszcz, Esquire of Lytle & Barszcz and Defendant was represented by Donald C. Works, III, Esquire, David R. Golder, Esquire, and Jesse I. Unruh, Esquire, of Jackson Lewis P.C. All counsel involved have extensive experience in litigating claims under the FLSA,

8

including claims for unpaid overtime compensation.  Each counsel was obligated to and did vigorously represent their respective clients' interests.

The complexity, expense, and length of future arbitration proceedings also militate in favor of these settlements.  Arbitration Plaintiffs and Defendant continue to strongly disagree over the merits of the claims asserted by Arbitration Plaintiffs and issues pertaining to willfulness and good faith.  As noted above, Arbitration Plaintiffs contend Defendant did not pay them overtime compensation to which they were entitled under the FLSA.  Defendant maintains that Arbitration Plaintiffs were properly classified and were paid all wages owed.  If the parties continued to arbitrate these matters, they would be forced to engage in a costly arbitrations to prove their claims and defenses.  This settlement, therefore, is a reasonable means for both parties to minimize future risks and costs.

Over the last two and a half years, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged information through extensive discovery in the above styled collective action and the arbitrations, including information regarding Arbitration Plaintiffs' hours and pay, different positions, exemption issues and issues pertaining to willfulness and good faith. In agreeing upon the proposed settlement, the parties had an abundance of information and conducted an extensive investigation to allow them to make an educated and informed analysis and conclusion.

Arbitration Plaintiffs' probability of success on the merits, the amount they would be awarded, the statute of limitations based upon whether there was willfulness or not, and the issue of liquidated damages are also uncertain, further suggesting that these

settlements are fair and appropriate. As noted previously, Arbitration Plaintiffs assert that Defendant did not pay them overtime compensation to which they were entitled under the FLSA. Defendant maintains that Arbitration Plaintiffs were properly classified as exempt and were paid all wages owed to them. In addition to the risks associated with exemption issues, statute of limitation issues and liquidated damages, the range of possible recovery by Arbitration Plaintiffs is also open to dispute. Even if Arbitration Plaintiffs succeed on the merits of their claims, which would require substantial additional time and exercise of resources by both parties, the exact amount of their recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 U.S. Dist. LEXIS 92994, at \*6-7.

In *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009), the Honorable Gregory A. Presnell held: "In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228. Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and

seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id. See also e.g. Buntin v. Square Foot Mgmt. Co., LLC, 2015 U.S. Dist. LEXIS 68287 (M.D. Fla. May 27, 2015);Sexton v. Macro,* 2016 U.S. Dist. LEXIS 77892 (M.D. Fla. June 10, 2016).

In this case, the fee to be paid as part of the resolution of Arbitration Plaintiffs' claims were agreed upon by the parties separately and without regard to any of the amounts paid to Arbitration Plaintiffs. Arbitration Plaintiffs' FLSA claims were not compromised in any way by the deduction of attorney's fees, costs or expenses pursuant to a contract or otherwise. Accordingly, because the settlement is reasonable on its face and Arbitration Plaintiffs' recovery was not adversely affected by the amount of the fees paid to their attorney, the Court should approve the settlement.

## CONCLUSION

The FLSA settlement terms are fair, reasonable and adequate. Accordingly:

1. The Parties request that, upon a finding that the Settlement Agreements are fair, the Court issue an Order dismissing the Arbitration Plaintiffs' claims with prejudice.

2. The Parties request that the Court retain jurisdiction for enforcement of the Settlement Agreements.

DATED this 2nd day of August, 2016.

Respectfully submitted,

LYTLE & BARSZCZ
543 N. Wymore Road
Suite 109
Maitland, FL  32751
Telephone   (407) 622-6544
Facsimile:  (407) 622-6545


By:    /s/Mary E. Lytle
       Mary E. Lytle, Esquire
       Florida Bar No. 0007950
       mlytle@orlandoemploymentlawyer.net

       David V. Barszcz, Esquire
       Florida Bar No. 750581
       dbarszcz@orlandoemploymentlawyer.net

Attorneys for Plaintiffs

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:    (407) 246-8440
Facsimile:    (407) 246-8441


By:    /s/Donald C. Works, III
       Donald C. Works, III
       Florida Bar No.  340308
       worksd@jacksonlewis.com

       Jesse I. Unruh
       Florida Bar No. 93121
       jesse.unruh@jacksonlewis.com

       David R. Golder (*Pro Hac Vice*)
       JACKSON LEWIS P.C.
       90 State House Square, 8th FL
       Hartford, CT 06103
       Telephone:    (860) 522-0404
       Facsimile:    (860) 247-1330
       golderd@jacksonlewis.com

Attorneys for Defendant HARTFORD FIRE
INSURANCE COMPANY

4837-1517-8291, v. 1

12