# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DEBRA MONSERRATE, KELLY
BIRCHELL, SHAWN CRAFT, VIVIAN
EDWARDS, BILL FABER, SUSAN
O'HEARN, FARRELL PRUDENT,
PAMELA WARD, LAURA M. SMITH,
AMY FERNANDEZ, ARNELLA
MOORE, ANTOINETTE ELKINS,
KAREN ANNUNZIATA, STEPHANIE
FRANCIS, BEVERLY GILCHRIST,
NICOLE ELLINGTON, MAYRA
FELIX, TARYN HICKS, GREG
MAYBACK, ELLISON ARIAS, ROBIN
HODGEKINSON-PRICE, LYDIA
MARRON, SARA YASTE, DALE
EASTERWOOD, GALO PATRICK
FLORES, ALEXANDRA VARDY,
WILMA SANTA, ERIN NORMAN,
SUSIE ANDERSON, MIKAELA
DELPHA, VALARIE STROUD, SARA
BULLARD, MICHAEL MILTON,
JAVIER PASTRANA, BRENDA J
WILLIAMS, BARBARA BUTLER,
DEBRA GUTIERREZ, DEEPIKA
PATEL, NATALIE BOURNE,
LONNIECE SCOTT, BRIAN DONIVAN,
KEITH SMITH, AMY FRAHER,
CHRISTINA MANSER, DIANNE
MATHENY, ELIZABETH WALLING,
JENNIFER ASHCRAFT, KAREN
ANDREAS-MOSES, KATHRYN DAVIS,
LISA MORGAN, MARIA LAPAN,
STEPHANIE ANELLO and DAWN
COLLINS,

        Plaintiffs,

v.                                         Case No:   6:14-cv-149-Orl-37GJK

HARTFORD FIRE INSURANCE
COMPANY,

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 255)** |
| **FILED:** | **July 1, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND.

On June 9, 2014, Debra Monserrate, Kelly Birchell, Shawn Craft, Vivan Edwards, Bill Faber, and Greg Mayback, Personal Representative of the Estate of Reid Mayback,[1] on behalf of themselves and others similarly situated, filed the operative collective action complaint (the "Complaint") against Defendant asserting a claim for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  Doc. No. 51.[2]  On June 25, 2014, Defendant filed its Answer and Affirmative Defenses.  Doc. No. 67.

On July 2, 2015, the Court entered an order conditionally certifying this action as a collective action, and appointed Debra Monserrate, Kelly Birchell, Shawn Craft, Vivan Edwards,

---

[1] The Complaint named Reid Mayback as a plaintiff, but he passed away during the pendency of this case.  Doc. No. 51.  On August 4, 2015, the Court entered an order substituting Greg Mayback, Personal Representative for the Estate of Reid Mayback, for Reid Mayback.  Doc. No. 140.

[2] The Complaint also named three (3) other plaintiffs: Pamela Ward; Susan O'Hearn; and Farrell Prudent.  Doc. No. 51.  On June 19, 2014, the Court entered an order dismissing Ms. Ward's claims against Defendant with prejudice.  Doc. No. 58.  On August 20, 2014, the Court entered an order compelling Mss. O'Hearn and Prudent – among others – to arbitrate their claims against Defendant.  Doc. No. 85.  The claims submitted to arbitration have been settled and a separate motion to approve the settlement of those claims has been filed.  Doc. No. 257.  The undersigned will enter a separate report and recommendation on that motion.

Bill Faber, and Greg Mayback as class representatives (collectively, the "Representative Plaintiffs"). Doc. No. 129. The class consists of a total of forty-three (43) opt-in plaintiffs (the "Opt-In Plaintiffs"). Doc. Nos. 43; 45; 74; 81; 93; 130-31; 141-46; 148-62; 164; 169-77; 185; 235.

On June 17, 2016, after nearly two-and-a-half years of contentious litigation, the parties reached a settlement. Doc. No. 248. The settlement agreement (the "Agreement") provides for a total settlement amount of $3,677,386.00, which represents $2,650,000.00 (the "Settlement Fund"), to be divided among the Representative Plaintiffs and Opt-In Plaintiffs (collectively, the "Plaintiffs") in accordance with the chart attached to the Agreement (the "Distribution Chart"), and $1,027,386.00 in attorneys' fees and litigation expenses. Doc. No. 255-1 at 3, 10, 25-27.

The settlement agreement is contingent upon the number of Plaintiffs who execute and return the release form (the "Release") attached to the Agreement. *Id.* at 5-12. Specifically, the Agreement provides that counsel shall mail each plaintiff a package containing the Notice of Settlement Form, *Id.* at 21-24, the Distribution Chart, *Id.* at 25-27, and Release, *Id.* at 28-29, within ten (10) days of the Court's approval of the settlement. *Id.* at 5-6. In order to participate in the distribution of the Settlement Fund and be bound by the Agreement, each plaintiff must complete and return the Release to counsel within forty (40) days of the Court's approval of the settlement. *Id.* at 6.[3] If fewer than thirty-eight (38) Plaintiffs timely execute and return the Release, then Defendant may declare the Agreement null and void. *Id.* at 7-8, 11. If thirty-eight (38) or more Plaintiffs timely execute and return the Release, then Defendant shall have ten (10) days to make

---

[3] Plaintiffs that do not timely complete and return the Release will not receive any of the settlement proceeds and will not be bound by the terms of the Agreement. Doc. No. 255-1 at 7. The settlement proceeds designated for those plaintiffs that do not timely complete and return the Release will not be paid by Defendant, and thus the Settlement Fund would be reduced accordingly. Doc. No. 255 at 3 n.2.

the payments to those plaintiffs.  *Id*. at 8-9.[4]

On July 1, 2016, the parties filed a Joint Motion for Approval of Settlement (the "Motion"), requesting the Court approve the settlement, Doc. No. 255-1, enter an order dismissing the case without prejudice, so the parties can complete the Agreement's notice, release, and payment provisions.  Doc. No. 255 at 15.  The parties further request the Court retain jurisdiction over the case through the completion of the Agreement's notice, release, and payment provisions, so the parties may file a joint motion for dismissal of the released claims with prejudice.  *Id*.

**II.  LAW.**

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable.  *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked

---

[4] The Agreement contains no confidentiality or non-disparagement provisions.  *See* Doc. No. 255-1 at 1-20.

Court approval or supervision by the Secretary of Labor).   Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute.   *Lynn's Food Stores*, 679 F.2d at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement.   *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

- The existence of collusion behind the settlement;

- The complexity, expense, and likely duration of the litigation;

- The stage of the proceedings and the amount of discovery completed;

- The probability of plaintiff's success on the merits;

- The range of possible recovery; and

- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[5]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements.   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J.*

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).   In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA.   FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.   FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted).   To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[6]   In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.*   When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[7]   Thus, a potential conflict can arise between

---

[6] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

[7] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.   Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[8]   It is the Court's responsibility to ensure that any such allocation is reasonable.  *See Silva*, 307 F. App'x at 351-52.   In doing so, the Court uses the lodestar method for guidance.  *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009).   As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide.   In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).   In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added).   Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  *Id.*   The

---

[8] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

undersigned finds this reasoning persuasive.

## III.   ANALYSIS.

### A. Settlement Amount.

This case involves disputed issues of coverage and liability under the FLSA overtime wage provision, which constitutes a bona fide dispute.   Doc. Nos. 51; 67.   Specifically, the case turns on the application of the administrative exemption to the FLSA overtime provision, 29 U.S.C. § 213(a)(1), and the amount of overtime hours each plaintiff worked.   Doc. No. 255 at 6-7.   The parties are represented by independent counsel who are obligated to and have vigorously represented their clients throughout this case.   *Id.* at 10.   The parties represent they engaged in extensive discovery concerning "hours and pay, different positions, exemption issues and issues pertaining to willfulness and good faith."   *Id.* at 11.   The parties continue to dispute the issues of coverage and liability, but agree they have gathered sufficient information to reach an informed settlement.   *Id.*   Thus, after more than two (2) years of contentious litigation, the parties agreed to settle the case due to the probability of Plaintiffs' success on the merits, and to avoid the additional time and expense of trial, which they anticipate to last between two (2) weeks and a month.   *Id.* at 10-11.

Under the Agreement, Plaintiffs will receive a total of $2,650,000.00.   Doc. No. 255-1 at 3, 25-27.   This amount represents the maximum Plaintiffs will receive, and will be distributed among them in accordance with the Distribution Chart attached to the Motion.   *Id.* at 25-27.[9]   The amount each plaintiff receives includes unpaid overtime wages and liquidated damages.   *Id.* at 7-8.   Further, the amount each plaintiff receives is dependent on whether the Court approves the

---

[9] The Settlement Fund is subject to being reduced in the event one or more of the plaintiffs do not timely execute and return the Release.

incentive awards for each Representative Plaintiff. *Id*.[10]   The parties represent the incentive awards are intended "to compensate the Representative Plaintiffs for their involvement in this action and the risks associated with being Representative Plaintiffs." *Id*. at 14.

The Agreement is a fair and reasonable settlement of Plaintiffs' FLSA claim, with the exception of the incentive awards.   The parties have zealously litigated this case for more than two (2) years, and have reasonably determined to settle this case due to the probability of Plaintiffs' success on the merits, and the additional time and expense of proceeding to trial.   Doc. No. 255 at 10-11.   The parties represent each plaintiff's recovery was determined based on the following factors:

- The number of months a plaintiff worked in a particular job during the relevant time period;

- The number of weeks worked by a plaintiff during the class time period taking into account any leave taken by a plaintiff;

- When a plaintiff opted into the lawsuit;

- The particular plaintiff's rate of pay;

- The particular plaintiff's analyst position; and

- The estimate of hours a plaintiff worked in any given work week based upon Plaintiffs' estimate of hours as well as Defendant's records and expert report regarding the same.

*Id*. at 7-8.   In light of these factors, the parties determined what they maintain is an equitable pro-rata distribution of the Settlement Fund.   The amount each plaintiff will recover ranges between $0.00 and $242,413.00, with the vast majority of the Plaintiffs recovering in excess of $20,000.00 in unpaid wages and liquidated damages.   Doc. Nos. 255 at 8; 255-1 at 25-27.[11]   The foregoing

---

[10] The Representative Plaintiffs would receive between $5,000.00 and $10,000.00 in incentive awards.   Doc. No. 255-1 at 25-26.

[11] The only plaintiff to recover $0.00 did so because the parties' investigation revealed her claim for unpaid overtime

factors are reasonably tailored to determining the correct amount each plaintiff is entitled to recover. Therefore, the undersigned finds the proposed pro-rata distribution of the Settlement Fund is a fair and reasonable resolution of Plaintiffs' FLSA claims.

The parties have failed to adequately demonstrate the Representative Plaintiffs are entitled to incentive awards. A court will routinely approve an incentive award to compensate named, class plaintiffs for services they provided during the case and risks they endured due to their participation. *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218-19 (S.D. Fla. 2006) (citing *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001)). The parties maintain the incentive awards are appropriate given the Representative Plaintiffs' "involvement in this action and the risks associated with being Representative Plaintiffs." Doc. No. 255 at 14. The parties' explanation is unpersuasive. The parties provide absolutely no detail about the services each of the Representative Plaintiffs performed during this case, nor do the parties identify any particular risks endured by the Representative Plaintiffs. *See Id.* at 13-14. The undersigned recognizes the incentive awards constitute a relatively small portion of the Settlement Fund. However, the parties still must make a factual showing that approval of the incentive awards is warranted, especially where approval would reduce the recovery of all Plaintiffs. *See, e.g.,* *Ingram* 200 F.R.D. at 694 (approving incentive award where movants provided a "great deal of evidence" demonstrating the "unique and extraordinary contribution" the class representatives made to the investigation, prosecution and settlement of the case). The parties have made no such showing. Accordingly, it is **RECOMMENDED** the Court find the amount and distribution of the Settlement Fund to be fair and reasonable resolution of the Plaintiffs' FLSA claims, but not

---

wages was outside the statute of limitations. Doc. No. 255 at 8 n.4.

approve the incentive awards.[12]

**B.  The Release.**

The parties agreed that any plaintiff wishing to recover his or her portion of the settlement amount must execute the Release, which provides:

> In consideration for the money paid to the undersigned Plaintiff, the undersigned Plaintiff waives and releases any claim, cause of action, or demand under the Fair Labor Standards Act for unpaid overtime compensation. liquidated damages, interest, attorney's fees, or litigation expenses associated with the alleged non-payment of overtime compensation under the Fair Labor Standards Act dating back three years from the time the undersigned Plaintiff's Opt-In Form was filed with the Court up to June 17, 2016, against Defendant and any of its parents, predecessors, successors, subsidiaries, affiliates and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys.

Doc. No. 225-1 at 28.   The Release is limited to claims for unpaid overtime wages under the FLSA.   *Id.*   The limited scope of the Release, allay any concern Plaintiffs may be giving up an unknown, but valuable, claim that is wholly unrelated to the wage claims at issue in this case. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012).   Therefore, the undersigned finds the Release does not affect the overall reasonableness of the settlement.   Accordingly, it is **RECOMMENDED** the Court find the Release does not affect the reasonableness of the settlement.

**C.  Attorneys' Fees and Expenses.**

The Agreement provides counsel will receive a total of $1,027,386.00 in attorneys' fees

---

[12] The undersigned has attached the Distribution Chart to this report and recommendation, which details, in relevant part, the incentive awards, the amount each plaintiff would receive if the incentive awards are approved, and the amount each plaintiff would receive if the incentive awards are not approved.

and expenses.   Doc. Nos. 255-1 at 10.   Thus, Plaintiffs' counsel will receive a fee that is approximately twenty-eight percent (28%) of the maximum Settlement Fund.   The parties represent this amount was "agreed upon by the parties separately and without regard to any of the amounts to be paid to Plaintiffs, and with input from an independent third party mediator."   Doc. No. 255 at 12; *see also* Doc. No. 255-1 at 10.   The settlement is reasonable to the extent discussed above, and the parties' representations adequately establish that the issue of attorneys' fees and expenses was agreed upon separately and without regard to the amounts paid to Plaintiffs.   *See Bonetti*, 715 F. Supp. 2d at 1228.   Accordingly, it is **RECOMMENDED** the Court find the Agreement to be a fair and reasonable settlement of Plaintiffs' FLSA claim.

### D. Retention of Jurisdiction.

The parties request the Court dismiss the case without prejudice, and retain jurisdiction over the case through the completion of the Agreement's notice, release, and payment provisions, so the parties may file a joint motion for dismissal of the released claims with prejudice.   Doc. No. 255 at 15.   The Court ordinarily denies requests to retain jurisdiction over the case after the agreement has been found to be a fair and reasonable settlement of a plaintiff's FLSA claim(s). *See, e.g., DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1330-31 (M.D. Fla. 2013) (citing authority).   This case presents the rare circumstance where the Court should retain jurisdiction.   The Agreement may be voided if fewer than thirty-eight (38) Plaintiffs timely execute and return the Release.   Doc. No. 255-1 at 11.   Therefore, it is possible the settlement will be voided and the case will need to be resolved on its merits.   Accordingly, it is **RECOMMENDED** the Court dismiss the case without prejudice subject to the to the right of any party, within ninety days (90) from the date of the Court's order on the Motion (Doc. No. 255), to move the Court for entry of an order dismissing the case with prejudice, or, on good cause shown,

to reopen the case for further proceedings.

## IV.    CONCLUSION.

Accordingly, it is **RECOMMENDED** the Motion (Doc. No. 255) be **GRANTED in part** and **DENIED in part** as follows:

1. The Court not approve the incentive awards; and

2. The remainder of the Agreement (Doc. No. 255-1) be found to be a fair and reasonable settlement of Plaintiffs' FLSA claims; and

3. The Court **DISMISS** the case **without prejudice** subject to the right of any party, within ninety days (90) from the date of the Court's order on the Motion (Doc. No. 255), to move the Court for entry of an order dismissing the case with prejudice, or, on good cause shown, to reopen the case for further proceedings.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on September 22, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

**Monserrate et al. v. Hartford - <u>Exhibit B</u> to Settlement Agreement and Release**
Distribution of $2,650,000.00 Settlement

| Name | Percent of Total Settlement | Individual Recovery of $2.615M (w/o service award) | Service Award | Individual Recovery with Service Award ($2.65M total) | Individual Recovery if Service Award Denied ($2.65M) |
|---|---|---|---|---|---|
| Anderson, Susie (Opt-In Plaintiff) | 2.11082% | $ 55,198.03 | | $ 55,198.03 | $ 55,936.82 |
| Andreas-Moses, Karen (Opt-In Plaintiff) | 6.00435% | $ 157,013.80 | | $ 157,013.80 | $ 159,115.32 |
| Anello, Stephanie (Opt-In Plaintiff) | 1.02069% | $ 26,691.02 | | $ 26,691.02 | $ 27,048.27 |
| Arias, Ellison (Opt-In Plaintiff) | 0.30489% | $ 7,972.77 | | $ 7,972.77 | $ 8,079.48 |
| Ashcraft, Jennifer (Opt-In Plaintiff) | 2.83637% | $ 74,170.99 | | $ 74,170.99 | $ 75,163.72 |
| Birchell, Kelly (Class Representative) | 0.75610% | $ 19,772.07 | $5,000.00 | $ 24,772.07 | $ 20,036.70 |
| Bourne, Natalie (Opt-In Plaintiff) | 3.64513% | $ 95,320.15 | | $ 95,320.15 | $ 96,595.95 |
| Bullard, Sara (Opt-In Plaintiff) | 0.29492% | $ 7,712.06 | | $ 7,712.06 | $ 7,815.28 |
| Butler, Barbara (Opt-In Plaintiff) | 1.06661% | $ 27,891.86 | | $ 27,891.86 | $ 28,265.17 |
| Dawn "Dee" Collins (Opt-In Plaintiff) | 2.39899% | $ 62,733.46 | | $ 62,733.46 | $ 63,573.10 |
| Craft, Shawn (Class Representative) | 0.93809% | $ 24,531.07 | $5,000.00 | $ 29,531.07 | $ 24,859.41 |
| Davis, Kathryn (Opt-In Plaintiff) | 4.99173% | $ 130,533.70 | | $ 130,533.70 | $ 132,280.81 |
| Delpha, Mikaela (Opt-In Plaintiff) | 2.23318% | $ 58,397.55 | | $ 58,397.55 | $ 59,179.16 |
| Easterwood, Dale (Opt-In Plaintiff) | 1.75737% | $ 45,955.34 | | $ 45,955.34 | $ 46,570.42 |
| Edwards, Vivian (Class Representative) | 0.77450% | $ 20,253.11 | $5,000.00 | $ 25,253.11 | $ 20,524.18 |
| Elkins, Antoinette (Opt-In Plaintiff) | 2.72728% | $ 71,318.29 | | $ 71,318.29 | $ 72,272.84 |
| Ellington, Nicole (Opt-In Plaintiff) | 1.03434% | $ 27,047.96 | | $ 27,047.96 | $ 27,409.98 |
| Faber, Bill (Class Representative) | 0.90322% | $ 23,619.19 | $5,000.00 | $ 28,619.19 | $ 23,935.32 |
| Felix, Mayra (Opt-In Plaintiff) | 0.54459% | $ 14,241.01 | | $ 14,241.01 | $ 14,431.62 |

**Monserrate et al. v. Hartford - Exhibit B to Settlement Agreement and Release**

Distribution of $2,650,000.00 Settlement

| Name | Percent of Total Settlement | Individual Recovery of $2.615M (w/o service award) | Service Award | Individual Recovery with Service Award ($2.65M total) | Individual Recovery if Service Award Denied ($2.65M) |
|---|---|---|---|---|---|
| Fernandez, Amy (Opt-In Plaintiff) | 2.29482% | $ 60,009.52 | | $ 60,009.52 | $ 60,812.71 |
| Flores, Galo Patrick (Opt-In Plaintiff) | 0.90002% | $ 23,535.50 | | $ 23,535.50 | $ 23,850.51 |
| Fraher, Amy (Opt-In Plaintiff) | 1.75016% | $ 45,766.81 | | $ 45,766.81 | $ 46,379.37 |
| Gilchrist, Beverly (Opt-In Plaintiff) | 2.96610% | $ 77,563.50 | | $ 77,563.50 | $ 78,601.64 |
| Gutierrez, Debra (Opt-In Plaintiff) | 3.07653% | $ 80,451.28 | | $ 80,451.28 | $ 81,528.06 |
| Harris, Paul W. (Opt-In Plaintiff) | 2.36570% | $ 61,863.10 | | $ 61,863.10 | $ 62,691.10 |
| Hicks, Taryn (Opt-In Plaintiff) | 1.44650% | $ 37,826.08 | | $ 37,826.08 | $ 38,332.36 |
| Hodgekinson-Price, Robin (Opt-In Plaintiff) | 0.39196% | $ 10,249.85 | | $ 10,249.85 | $ 10,387.04 |
| LaPan, Maria (Opt-In Plaintiff) | 2.90622% | $ 75,997.77 | | $ 75,997.77 | $ 77,014.95 |
| Manser, Christina (Opt-In Plaintiff) | 0.49182% | $ 12,861.00 | | $ 12,861.00 | $ 13,033.14 |
| Marron, Lydia (Opt-In Plaintiff) | 0.69522% | $ 18,180.07 | | $ 18,180.07 | $ 18,423.40 |
| Matheny, Diane (Opt-In Plaintiff) | 9.20433% | $ 240,693.27 | | $ 240,693.27 | $ 243,914.78 |
| Mayback, Reid - Greg Mayback as PR per Dkt. 140 (Class Representative) | 0.76740% | $ 20,067.41 | $5,000.00 | $ 25,067.41 | $ 20,336.00 |
| Milton, Michael (Opt-In Plaintiff) | 0.84377% | $ 22,064.55 | | $ 22,064.55 | $ 22,359.87 |
| Monserrate, Debra (Class Representative) | 2.31469% | $ 60,529.25 | $10,000.00 | $ 70,529.25 | $ 61,339.39 |
| Morgan, Lisa (Opt-In Plaintiff) | 1.91003% | $ 49,947.41 | | $ 49,947.41 | $ 50,615.92 |
| Norman, Erin (Opt-In Plaintiff) | 2.18028% | $ 57,014.40 | | $ 57,014.40 | $ 57,777.50 |
| Pastrana, Javier (Opt-In Plaintiff) | 1.28551% | $ 33,616.14 | | $ 33,616.14 | $ 34,066.07 |

Monserrate et al. v. Hartford - Exhibit B to Settlement Agreement and Release

Distribution of $2,650,000.00 Settlement

| Name | Percent of Total Settlement | Individual Recovery of $2.615M (w/o service award) | Service Award | Individual Recovery with Service Award ($2.65M total) | Individual Recovery if Service Award Denied ($2.65M) |
|---|---|---|---|---|---|
| Patel, Deepika (Opt-In Plaintiff) | 0.66702% | $ 17,442.60 | | $ 17,442.60 | $ 17,676.06 |
| Rudgers, Nathan (Opt-In Plaintiff) | 1.50996% | $ 39,485.52 | | $ 39,485.52 | $ 40,014.01 |
| Santa, Wilma (Opt-In Plaintiff) | 1.32835% | $ 34,736.27 | | $ 34,736.27 | $ 35,201.19 |
| Scott, Lonniece (Opt-In Plaintiff) | 4.36274% | $ 114,085.72 | | $ 114,085.72 | $ 115,612.68 |
| Smith, Keith (Opt-In Plaintiff) | 0.92135% | $ 24,093.33 | | $ 24,093.33 | $ 24,415.80 |
| Smith, Laura (Opt-In Plaintiff) | 1.84465% | $ 48,237.55 | | $ 48,237.55 | $ 48,883.17 |
| Stroud, Valarie (Opt-In Plaintiff) | 9.27013% | $ 242,413.92 | | $ 242,413.92 | $ 245,658.47 |
| Vardy, Alexandra (Opt-In Plaintiff) | 0.00000% | $ - | | $ - | $ - |
| Wallang, Elizabeth (Opt-In Plaintiff) | 3.14867% | $ 82,337.60 | | $ 82,337.60 | $ 83,439.64 |
| Williams, Brenda (Opt-In Plaintiff) | 2.56010% | $ 66,946.65 | | $ 66,946.65 | $ 67,842.69 |
| Yaste, Sara (Opt-In Plaintiff) | 0.25279% | $ 6,610.48 | | $ 6,610.48 | $ 6,698.96 |