UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBRA MONSERRATE, KELLY BIRCHELL, SHAWN CRAFT, VIVIAN EDWARDS, BILL FABER, SUSAN O'HEARN, FARRELL PRUDENT, PAMELA WARD, LAURA M. SMITH, AMY FERNANDEZ, ARNELLA MOORE, ANTOINETTE ELKINS, KAREN ANNUNZIATA, STEPHANIE FRANCIS, BEVERLY GILCHRIST, NICOLE ELLINGTON, MAYRA FELIX, TARYN HICKS, GREG MAYBACK, ELLISON ARIAS, ROBIN HODGEKINSON-PRICE, LYDIA MARRON, SARA YASTE, DALE EASTERWOOD, GALO PATRICK FLORES, ALEXANDRA VARDY, WILMA SANTA, ERIN NORMAN, SUSIE ANDERSON, MIKAELA DELPHA, VALARIE STROUD, SARA BULLARD, MICHAEL MILTON, JAVIER PASTRANA, BRENDA J WILLIAMS, BARBARA BUTLER, DEBRA GUTIERREZ, DEEPIKA PATEL, NATALIE BOURNE, LONNIECE SCOTT, BRIAN DONIVAN, KEITH SMITH, AMY FRAHER, CHRISTINA MANSER, DIANNE MATHENY, ELIZABETH WALLING, JENNIFER ASHCRAFT, KAREN ANDREAS-MOSES, KATHRYN DAVIS, LISA MORGAN, MARIA LAPAN, STEPHANIE ANELLO and DAWN COLLINS,

     Plaintiffs,

v.                  Case No: 6:14-cv-149-Orl-37GJK

HARTFORD FIRE INSURANCE COMPANY,

     Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENTS OF ARBITRATION CLAIMS (Doc. No. 257)**
>
> **FILED:** **AUGUST 2, 2016**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.  BACKGROUND.**

On January 29, 2014, Susan O'Hearn and Farrell Prudent, among other plaintiffs, instituted this action. Doc. No. 1. On May 30, 2014, Carmen Flores joined this action as an opt-in plaintiff. Doc. No. 44. On June 9, 2014, the plaintiffs, on behalf of themselves and others similarly situated, filed the operative collective action complaint (the "Complaint") against Defendant asserting a claim for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Doc. No. 51. On June 25, 2014, Defendant filed its Answer and Affirmative Defenses. Doc. No. 67.

On August 20, 2014, the Court entered an order compelling Mss. O'Hearn, Prudent and Flores (collectively, the "Plaintiffs") to arbitrate their respective FLSA claims against Defendant, staying the proceedings as to those Plaintiffs, and directing the parties to notify the Court upon the conclusion of the arbitral proceedings. Doc. No. 85.

On or about July 27, 2016, after nearly two (2) years of arbitration, Plaintiffs each reached a settlement of their respective claims against Defendant. Doc. No. 256. On August 2, 2016, the

parties filed a Joint Motion for Approval of Settlements of Arbitration Claims (the "Motion"), requesting the Court approve each of their settlement agreements (the "Agreements"), dismiss Plaintiffs' claims with prejudice, and retain jurisdiction to enforce the Agreements. Doc. No. 257.[1]

## II. LAW.

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide

---

[1] The Agreements are attached to the Motion, and contain no confidentiality or non-disparagement provisions. Doc. Nos. 257-1; 257-2; 257-3.

dispute. *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

- The existence of collusion behind the settlement;

- The complexity, expense, and likely duration of the litigation;

- The stage of the proceedings and the amount of discovery completed;

- The probability of plaintiff's success on the merits;

- The range of possible recovery; and

- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52.[3]   In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id*.   When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4]   Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5]   It is the Court's responsibility to ensure that any such allocation is

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full

reasonable. *See Silva*, 307 F. App'x at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

---

compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

### III. ANALYSIS.

#### A. Settlement Amount.

This case involves disputed issues of coverage and liability under the FLSA overtime wage provision, which constitutes a bona fide dispute. Doc. Nos. 51; 67. Specifically, the case turns on the application of the administrative exemption to the FLSA overtime provision, 29 U.S.C. § 213(a)(1), and the amount of overtime hours each plaintiff worked. Doc. No. 257 at 5-6. The parties are represented by independent counsel who are obligated to vigorously represent their clients throughout each arbitration. *Id*. at 8-9. The parties represent they engaged in extensive discovery concerning "hours and pay, different positions, exemption issues and issues pertaining to willfulness and good faith." *Id*. at 9. The parties continue to dispute the issues of coverage and liability, but agree they have gathered sufficient information to reach an informed settlement. *Id*. Thus, after more than two (2) years of contentious arbitration, the parties agreed to settle due to the probability of Plaintiffs' success on the merits, and to avoid the additional time and expense of continued arbitration. *Id*. at 9-10.

The Agreements are a fair and reasonable settlement of Plaintiffs' FLSA claims. The parties have zealously arbitrated this case for more than two (2) years, and have reasonably determined to settle their claims due to the probability of Plaintiffs' success on the merits, and the additional time and expense of continued arbitration. Doc. No. 255 at 9-10. The parties represent each plaintiff's recovery was determined based on the following factors:

- The number of months the plaintiff worked in a particular job during the relevant time period;

- The number of weeks worked by the plaintiff during the relevant time period taking into account any leave taken by the plaintiff;

- When the plaintiff opted into the lawsuit;

- The plaintiff's rate of pay;

- The plaintiff's analyst position; and

- The estimate of hours the plaintiff worked in any given work week based upon the plaintiff's estimate of hours as well as Defendant's records and expert report regarding the same.

*Id*. at 7-8.  The foregoing factors are reasonably tailored to determining the correct amount each plaintiff is entitled to recover.  In light of these factors, the plaintiffs will receive the following amounts for unpaid wages and liquidated damages:

| Plaintiff | Unpaid Overtime Wages | Liquidated Damages | Total |
|---|---|---|---|
| Flores | $29,296.88 | $29,296.88 | $58,593.76 |
| O'Hearn | $23,760.31 | $23,760.31 | $47,520.62 |
| Prudent | $21,958.83 | $21,958.83 | $43,917.66 |

Doc. Nos. 257-1 at 4-5; 257-2 at 4-5; 257-3 at 4-5.  The parties acknowledge the foregoing amounts represent a compromise of Plaintiffs' claimed unpaid overtime wages and liquidated damages.  Upon review, the undersigned finds the reasons for settling each claim for unpaid overtime wages and the settlement amounts received by each plaintiff are reasonable. [6] Accordingly, it is **RECOMMENDED** the Court find each compromise and the amount each plaintiff will received to be reasonable.

   **B. The Release.**

The Agreements each contain the following release:

> This Agreement shall constitute a waiver and release of all claims Plaintiff might have under the FLSA against Defendant.
>
> . . .

---

[6] The undersigned recognizes Plaintiffs each submitted answers to the Court's FLSA Interrogatories early on in this case, claiming entitlement to a greater amount of unpaid overtime wages and liquidated damages.  Doc. Nos. 49-4; 50-4; 72-1.  These estimates were give before discovery opened, and thus before the parties had an opportunity to fully explore and evaluate the scope of each plaintiff's potential recovery if they succeeded on the merits.  Therefore, the amounts Plaintiffs' claimed they were owed early in this case provide little insight in evaluating the reasonableness of Plaintiffs' compromises.

> Plaintiff hereby knowingly and voluntarily releases Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement. This release does not include the waiver of claims by the Plaintiff of any claims other than her FLSA claims.

Doc. Nos. 257-1 at 3-4; 257-2 at 3-4; 257-3 at 3-4.  These releases are limited to claims arising under the FLSA.  *Id*.  The limited scope of these releases, allay any concern Plaintiffs may be giving up an unknown, but valuable, claim that is wholly unrelated to the wage related claims at issue in each arbitration.  *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012).  Therefore, the undersigned finds the releases do not affect the overall reasonableness of the settlements.  Accordingly, it is **RECOMMENDED** the Court find the releases do not affect the reasonableness of the settlements.

### C. Attorneys' Fees and Expenses.

The Agreements provide counsel will receive the following amounts in attorneys' fees and costs:

| Plaintiff | Attorneys' Fees and Costs |
|---|---|
| Flores | $41,000.00 |
| O'Hearn | $33,000.00 |
| Prudent | $29,000.00 |

Doc. Nos. 257-1 at 5; 257-2 at 5; 257-3 at 5.  The parties represent these amounts were "agreed upon by the parties separately and without regard to any of the amounts paid to . . . Plaintiffs."  Doc. No. 257 at 11.  The settlements are reasonable, and the parties' representations adequately

establish that the issue of attorneys' fees and costs in each arbitration was agreed upon separately and without regard to the amounts paid to Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, it is **RECOMMENDED** the Court find the Agreements to be a fair and reasonable settlement of Plaintiffs' FLSA claims.

### D. Retention of Jurisdiction.

The parties request the Court dismiss Plaintiffs' claims with prejudice, but retain jurisdiction to enforce the Agreements. Doc. No. 257 at 11. The Court ordinarily denies requests to retain jurisdiction over the case after the agreement has been found to be a fair and reasonable settlement of a plaintiff's FLSA claim(s). *See, e.g.*, *DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1330-31 (M.D. Fla. 2013) (citing authority). The parties have provided no compelling reasons why the Court should retain jurisdiction over Plaintiffs' claims to enforce the Agreements. Accordingly, it is **RECOMMENDED** the Court deny the parties' request to retain jurisdiction to enforce the Agreements.

### IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 257) be **GRANTED** only to the extent that the Court finds each settlement is fair and reasonable; and

2. Otherwise, the Motion be **DENIED**; and

3. The Court enter an order dismissing Plaintiffs' claims with prejudice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

      Recommended in Orlando, Florida on September 23, 2016.

                                                GREGORY J. KELLY
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy