**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DEBRA MONSERRATE; KELLY BIRCHELL; SHAWN CRAFT; VIVIAN EDWARDS; BILL FABER; SUSAN O'HEARN; FARRELL PRUDENT; PAMELA WARD; LAURA M. SMITH; AMY FERNANDEZ; ARNELLA MOORE; ANTOINETTE ELKINS; KAREN ANNUNZIATA; STEPHANIE FRANCIS; BEVERLY GILCHRIST; NICOLE ELLINGTON; MAYRA FELIX; TARYN HICKS; GREG MAYBECK; ELLISON ARIAS; ROBIN HODGEKINSON-PRICE; LYDIA MARRON; SARA YASTE; DALE EASTERWOOD; GALO PATRICK FLORES; ALEXANDRA VARDY; WILMA SANTA; ERIN NORMAN; SUSIE ANDERSON; MIKAELA DELPHA; VALARIE STROUD; SARA BULLARD; MICHAEL MILTON; JAVIER PASTRANA; BRENDA J. WILLIAMS; BARBARA BUTLER; DEBRA GUTIERREZ; DEEPIKA PATEL; NATALIE BOURNE; LONNIECE SCOTT; BRIAN DONIVAN; KEITH SMITH; AMY FRAHER; CHRISTINA MANSER; DIANNE MATHENY; ELIZABETH WALLING; JENNIFER ASHCRAFT; KAREN ANDREAS-MOSES; KATHRYN DAVIS; LISA MORGAN; MARIA LAPAN; STEPHANIE ANELLO; DAWN COLLINS,

    Plaintiffs,

v.                 Case No. 6:14-cv-149-Orl-37GJK

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

**ORDER**

This cause is before the Court on the following:

1. The parties' Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. 255), filed July 1, 2016;

2. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 258), filed September 22, 2016;

3. The parties' Joint Notice of No Objection to Magistrate's Report and Recommendation for Joint Motion for Approval of Settlement (Doc. 262), filed October 4, 2016.

On January 29, 2014, Plaintiffs Debra Monserrate, Shawn Craft, Kelly Birchell, Vivian Edwards, Bill Faber, and Greg Maybeck[1] ("**Representative Plaintiffs**")[2] initiated the instant collective action against Defendant Hartford Fire Insurance Company under the Fair Labor Standards Act ("**FLSA**"). (Doc. 1.)  On July 2, 2015, the Court conditionally certified a class of employees who worked as analysts in Defendant's Maitland and Lake Mary locations for more than forty hours a week without overtime compensation ("**Class Plaintiffs**"). (Doc. 129.) Forty-three Class Plaintiffs opted into the action. (Doc. 258, p. 3.)

In the instant Motion, the parties seek approval of an agreement purporting to settle

---

[1] During the pendency of this action, former Plaintiff Reid Maybeck passed away. Accordingly, on August 4, 2015, the Court granted Plaintiffs' unopposed motion to substitute Greg Maybeck, personal representative for the estate of Reid Maybeck, as a Plaintiff in this action. (Doc. 140.)

[2] Plaintiffs Susan O'Hearn, Farrell Prudent, and Pamela Ward were also part of this original group of Plaintiffs. (*See* Doc. 1.) However, Plaintiff Pamela Ward withdrew her consent to sue on June 13, 2014. (Doc. 54.) Additionally, pursuant to arbitration agreements, the Court ordered Susan O'Hearn and Farrell Prudent to arbitrate their claims against Defendant individually. (Doc. 85.)

the remaining disputes between Defendant and the Representative and Class Plaintiffs.[3] (Doc. 255; *see also* Doc. 255-1 ("**Agreement**").) Specifically, the Agreement provides for a total settlement amount of $3,677,386.00, inclusive of: (1) $2,650,000.000 in unpaid overtime wages and liquidated damages to be divided among the Representative and Class Plaintiffs in accordance with a distribution chart attached to the Agreement ("**Settlement Amount**") (Doc. 255-1, pp. 3, 6–7, 25–27); and (2) $1,027.386.00 in attorney fees and litigation expenses agreed upon separately without regard to Settlement Amount and with input from a third-party mediator (*see id.* at 10–11). The Settlement Amount includes incentive awards for each Representative Plaintiff, which are intended "to compensate the Representative Plaintiffs for their involvement in this action and the risks associated with being Representative Plaintiffs." (Doc. 255, pp. 13–14.)

The Agreement is contingent on the number of Plaintiffs who execute and return the release form attached to the Agreement. (Doc. 255-1, pp. 6–7, 28–29.) As such, the parties request that the Court retain jurisdiction over the case through the completion of the Agreement's notice, release, and payment provisions, at which time the parties intend to move for dismissal of the released claims with prejudice. (Doc. 255, p. 4.)

On September 22, 2016, U.S. Magistrate Judge Gregory J. Kelly issued a Report and Recommendation, finding that: (1) the Agreement seeks to resolve a bona fide dispute; (2) the parties have failed to adequately demonstrate that the Representative Plaintiffs are entitled to incentive awards; (3) the Agreement—inclusive of the proposed

---

[3] The present Agreement is one of several settlement proposals in this action. (Docs. 255-1, 257-1, 257-2, 257-3.) On October 4, 2016, the Court approved in part the settlement between Defendant and three plaintiffs subject to arbitration agreements. (Doc. 261.)

pro rata distribution scheme—is otherwise a fair and reasonable settlement of Plaintiffs' FLSA claims; and (4) the proposed release is sufficiently limited in scope. (Doc. 258 ("**R&R**").) Accordingly, Magistrate Judge Kelly recommends that the Court approve the Agreement with the exception of the incentive awards. (*Id.* at 13.) Magistrate Judge Kelly also recommends that the Court retain jurisdiction and dismiss the case without prejudice subject to the right of any party, within ninety (90) days of the Court's Order on the Motion, to move for dismissal with prejudice or to reopen the case for further proceedings upon a showing of good cause. (*Id.* at 12-13.) On October 4, 2016, the parties filed a notice of no objection to the R&R. (Doc. 262.)

Upon consideration, and in the absence of any objection, the Court finds that the Magistrate Judge Kelly's well-reasoned R&R is due to be adopted, confirmed and made a part of this Order. The parties' Motion is thus due to be granted to the extent recommended in the R&R.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 258) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. The parties' Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. 255) is **GRANTED IN PART AND DENIED IN PART**.

    a. To the extent Plaintiffs seek approval of the payment of incentive awards to the Representative Plaintiffs, the Motion is **DENIED**.

    b. In all other respects, the Motions is **GRANTED.**

3. This action is **DISMISSED WITHOUT PREJUDICE** subject to the right of

any party, within **ninety (90) days** of this Order, to move the Court for the entry of an order dismissing the case with prejudice, or on good cause shown, to reopen the case for further proceedings.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 6, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record